THE WESTERN AND ATLANTIC RAILROAD CO. *v.* YOUNG.

1. The law does not contemplate absolute, but only a qualified or relative compensation in damages for personal injuries resulting in the loss of a limb, there being no money equivalent for such injuries.
2. The damages found being extreme if not excessive, the error of the court in charging the jury on that branch of the case is cause for a new trial; the error being in referring the jury to certain elements of damage as to which there was no evidence, such as habits, avocation, money made by labor, prospect of increased earnings, prospects of obtaining steady and remunerative employment, *et cetera,* the person injured being a child nine years of age.
3. No other errors appear, of sufficient importance to require a new trial, or even to merit discussion. If any at all, they were harmless.
4. There was no issue in the case, and no controverted fact, to which the admission made by counsel on the former trial as to ringing the bell upon the engine was relevant.
5. In admitting doubtful evidence, the better practice is not to call attention of the jury to its doubtful character. But to do so, it seems, is but an irregularity.
6. The city council of Atlanta could by ordinance adopt a city code compiled by the city attorney. The adoption, not the compilation, was the legislative act.
7. Due care according to age and capacity is all the law exacts of a child of tender years. Ordinary care, which is that of every prudent man, is not the standard for a child.
8. The refusal to charge as requested touching the mode of arriving at a verdict was not error.
9. As a matter of direction, this court orders that the new trial be confined to assessing the damages, the right to recover having been satisfactorily established.

   October 21, 1889.

Railroads. Damages. Negligence. Charge of court. Evidence. Practice. Municipal corporations. Infancy. Before Judge VAN EPPS. City court of Atlanta. June term, 1889.

The most material facts of the evidence may be seen from the former report of the case. 81 *Ga.* 397. On the second trial, the jury found for the plaintiff $13,750. Among the grounds for new trial were these:

Upon the first trial, defendant moved to continue for

absence of a witness, by whom it expected to prove that
the engine bell was ringing at the time of the injury;
and plaintiff's counsel stated that he would admit this
fact in writing, in order to avoid a continuance, and
did so.   On the second trial, defendant offered this ad-
mission in evidence, showing that the witness was still
missing after various efforts to find him; but the court
rejected the paper.

The defendant asked one of its witnesses what ne-
cessity there was in warning plaintiff.  Plaintiff objected
because the question was not in rebuttal.  The court
said the examination should be confined to new matter
brought out on that point, and then said to the jury :
"The court has a doubt as to the competency of this
evidence, and I am going to admit it, stating that the
court entertains a doubt as to its competency, and you
can consider the doubtful character of the evidence in de-
termining what weight you will give to it."   This com-
ment was assigned as erroneous and tending to weaken
the force of the witness's answer.

The plaintiff tendered in evidence the ordinance of
the city of Atlanta of June 7, 1886, adopting the code
of that city of that year prepared by the city attorney;
and then tendered one section of that code.   Defendant
objected on the ground that the city council could not
adopt a whole code of laws made by somebody else, or
delegate this power to the city attorney; but the ob-
jection was overruled.

The court refused defendant's request to charge : "If
the plaintiff, by the exercise of ordinary care and dili-
gence, could have avoided the consequences to himself
of defendant's negligence, assuming that defendant's
agents were negligent, and he did not exercise that or-
dinary care and diligence, and was injured by reason of
his failure to do so, he cannot recover anything of de-
fendant, even if defendant was negligent."

The court refused defendant's request to charge : "It is your duty to consider the evidence carefully, and from it make up your verdict, without regard to who the parties are. It would not be proper for you, without such consideration of the evidence, to agree upon a verdict by chance or by each one naming a sum he fancies, and then adding such sums together and dividing by twelve. If you find against the defendant any sum, that sum should be made up and agreed upon under your oaths, after you have well and truly examined the evidence, without any element of chance entering therein."

The only other ground now necessary to be stated is set forth in the second division of the opinion. In the former report of the motion for new trial in 81 *Ga.* 410, it will be seen that the 36th ground quoted a long extract from the court's charge, and at the close made a specification of error which went only to the last sentence of the quotation and did not cover the part now .considered by this court. This part is now as signed.as erroneous in allowing the jury to consider matters. as to which there were no pleadings nor evidence .whatever.

JULIUS L. BROWN, for plaintiff in error.

HOKE & BURTON SMITH, *contra.*

BLECKLEY, Chief Justice.

1. Viewed from a legal standpoint, the damages awarded by the jury seem to us extreme, if not excessive. We do not mean to say that, tried by an absolute standard, there is any such thing as compensation in money for the loss of an arm, or for the pain and suffering occasioned by being dismembered under the crushing wheel of a car. Only a qualified or relative compensation is possible, and the law, which is always practical, never visionary, contemplates the latter, not the former. It recognizes the restrictions imposed by

many considerations, such as the limited wealth of the country, and the necessity of sparing the existence of industrial contrivances and agencies for carrying on great departments of business. In the absolute sense, damages equivalent to all the assets of a railroad company might not be excessive nor even adequate for a serious personal injury resulting from its negligence, but in any practical sense, the damages in each case must be graduated so that there may be railroads left in existence, and so that all like injuries occasioned by their use may be compensated in some reasonable degree. For a few injured persons to recover amounts not so graduated would perhaps in the end leave nothing with which to compensate others having claims equally as strong and meritorious. We fear that juries often aim at too high a standard of damages where corporations have to pay them. Our observation is, that in corporation cases the amounts found are very frequently too great, but rarely if ever too small. It is not a healthy state of public feeling and opinion when through affairs of justice a strong current runs either against or in favor of a particular class of suitors. Every thoughtful man knows that nothing is so essential in meeting out justice as rigid impartiality, that is, freedom from prejudice on the one hand and from undue sympathy on the other. Not only theoretically, but actually and practically, the law is no respecter of persons; neither should be its ministers. No man can fitly administer law in its true spirit, either from the bench or the jury-box, without being as impartial as the law itself. In damage cases of the sort now under consideration, the law trusts implicitly the enlightened conscience of impartial jurors, and courts can relieve against excessive verdicts only where impartiality is to be gravely questioned, but they can and should do so in every case where departure from this prime virtue is

manifest. As we are constrained to direct a new trial in the present case on another ground, we need not further consider the ground of excessive damages.

2. With so strong an inclination to the opinion that the damages are excessive, we hold ourselves bound to give the losing party the benefit of any substantial error in the charge of the court touching the subject of damages. We accordingly award a new trial for error in the charge complained of in the 54th ground of the motion, which is as follows: "The plaintiff claims, in the first place, that his capacity to labor and earn money during his future life has been permanently destroyed, as a result of defendant's negligence. The law has no procrustean rule for ascertainment of damages of this sort. Health, sex, heredity, habits, avocation, money made by one's labor, prospect of increased earnings from experience or skill acquired, or diminished capacity as the result of growing years and infirmities of age, prospects of obtaining steady and remunerative employment, and the like,—all these circumstances, so far as applicable to the facts of this case, and illustrated by evidence, are proper to be considered by the jury."

This same matter was in the motion for a new trial when the case was here on a former writ of error (81 *Ga.* 397), but was not then excepted to. It was set out in the 36th ground of the motion, in connection with other matter which was excepted to, and as to the latter we expressly directed that it be omitted on the second trial. This was done. The matter now excepted to is so manifestly erroneous for lack of evidence on which to predicate it, the injured person being a mere child, with no occupation and no formed habits, that we need not mention any other reason for condemning it. By reference to the opinion in 81 *Ga.*, it will be seen that we approved the charge on the subject of

damages as given in the 38th and 40th grounds of the motion we were then considering, and our meaning was (though perhaps not fully expressed) that the charge as set out in these grounds was not only substantially correct, but sufficient to cover the whole subject. We had no thought of approving any part of the instructions set out in the 36th ground, and did not say anything which so indicated. On the contrary, we expressly disapproved the charge set out in that ground, in so far as we dealt or could deal with it on that occasion. With so much of it as was not excepted to we then had no concern. Now that we are concerned with it, we pronounce it even more objectionable than was the matter previously conjoined with it, and the omission of which we thought proper to direct.

3. There may be some other slight errors in the record, but if so, we are sure none of them are important enough to merit discussion, much less to furnish ground for a new trial.

4. The exclusion of the admission made by counsel on the former trial as to ringing the bell upon the engine was altogether immaterial, because the declaration makes no point on failure to ring the bell upon the engine; on the contrary, it expressly disclaims any purpose to raise such a question. Moreover, on reading the evidence, we find that no such question was raised by it on the part of the plaintiff; the only evidence on the subject was put in by the defendant, and that was to the effect that the bell was rung. It follows that whether the admission was competent evidence on the second trial or not, its exclusion was not of the slightest importance.

5. Notwithstanding the *dictum* in *Central R. Co.* v. *Smith,* 76 Ga. 209, to the effect that where the admissibility of evidence is doubtful, its doubtful competency is a circumstance on which to instruct the jury, we think

it the better practice, if indeed not the only one strictly legal, to say nothing to the jury on the subject. This course would accord with the older and sounder decisions, such as *Monroe* v. *State*, 5 *Ga.* 86 ; *Potts* v. *House*, 6 *Ga.* 325 ; *Colquitt* v. *Thomas*, 8 *Ga.* 273. When evidence is admissible at all, its weight is a question wholly for the jury. It would seem, however, from the last case above cited, and from what was said of *Monroe's* case in *Thornton* v. *Lane*, 11 *Ga.* 536-7, that any remark by the court touching doubtful admissibility of evidence is but an irregularity, and not cause for a new trial.

6. It was competent for the city council of Atlanta to adopt, by ordinance duly passed, a city code compiled beforehand for it by another person. The compiler in such case is not to be treated as to the legislative power of the city, or as any part of the same. The code derives its efficacy and validity wholly from the act of the council in adopting it, and not in any degree from the act of the compiler. *Garrett* v. *Janes*, 65 Md. 261. As to the mode of proving the code after its adoption, we hold that question not made in the present case. The denial of power to enact a law in a particular manner does not cover any question as to the mode of authenticating it as evidence to be received in a court of justice.

7. After what we said touching ordinary care, in ruling upon this same case in 81 *Ga.*, we sincerely regret that counsel should have thought it proper or even allowable to insist, when the case was undergoing a second trial, upon that degree of care as applicable to a child. We distinctly held, and again hold, that due care, according to its age and capacity, is all that can be exacted of a child of tender years. This we did and again do with full knowledge that the code, in general language, exacts ordinary care, with no express excep-

tion as to children ; but as ordinary care means, in our law, the care of every prudent man, there must be an implied exception as to children, for it would be absurd to require the same measure of diligence from a child as from a man. The principle of the code is preserved when the same consequence is made to follow the omission of due diligence by a child which would follow the omission of ordinary diligence by an adult. Unless law is to have no amicable terms with reason whatever, this must be a sound view of the subject.

8. While it would be proper to instruct the jury not to bring in a verdict arrived at by lot or chance, yet we think the request made to charge on the subject in this case, taken as a whole, was properly declined. It would not vitiate a verdict for the jurors severally to name a sum as a proposition, and for these sums to be added together and divided by twelve, if after so doing, the jurors, independently of any previous agreement on the subject, should adopt the result as the finding of the whole body. 2 Thompson on Tr. §2602. It may be that such a plan of arriving at a verdict is injudicious, but we know of no law which prescribes to juries the mode of making verdicts when there is no vitiating previous agreement, and when the result is satisfactory to the whole body and conformable to evidence and the law of the particular case.

9. As there have been two concurrent verdicts on the right of the plaintiff below to recover, both of which were approved by the presiding judge, and as no material error on that branch of the case appears in the record, we direct that the right be treated as established, and that the new trial be confined to the assessment of damages.        *Judgment reversed, with direction.*