29629. AVERY *v.* HINES.

DECIDED NOVEMBER 14, 1942. REHEARING DENIED DECEMBER 18, 1942.

*Sam Kimzey, J. Herbert Griggs,* for plaintiff.
*Smith & Telford, Bynum & Frankum,* for defendant.

STEPHENS, P. J. Jimmie Avery, a minor, by Mrs. Estelle Avery, her mother as next friend, brought suit against Miss Gwendolyn Hines to recover damages for personal injuries alleged to have been sustained by Jimmie as a result of the defendant's negligence in the operation of her automobile. The plaintiff alleged that as she was crossing a street in the City of Cornelia, Georgia, at a street intersection, she was struck by the defendant's automobile and injured. She alleged that the defendant was negligent in the operation of the automobile in exceeding the speed limit provided by an ordinance of the city, in not keeping a proper lookout ahead, in not having her automobile under proper control, and in operating her automobile in violation of the law relative to approaching street intersections. The plaintiff, at the time of her injury, was four years old. The plaintiff alleged that the defendant, at the time the automobile struck the plaintiff, was operating it at a speed of thirty to forty miles an hour in violation of section 58 of an ordinance of the City of Cornelia as follows: "It shall be unlawful for any person to operate an automobile truck or other vehicle on the streets of the City of Cornelia at a greater rate of speed than twenty miles per hour, and upon approaching cross streets or sidewalk crossings the vehicle shall be slowed down to a speed not exceeding ten miles per hour."

The defendant denied liability, and alleged that she was guilty of no negligence in the operation of her automobile, and that she could not have avoided the injuries to the plaintiff in the exercise of ordinary care and diligence. The trial resulted in a verdict for the defendant. The plaintiff moved for a new trial which was overruled and she excepted.

The evidence showed without dispute that the plaintiff was struck at a street intersection; that the defendant approached this intersection at a speed greater than twenty miles an hour, to wit, twenty-two miles per hour; that she did not check her speed on approaching this cross street to one not exceeding ten miles an hour; and that the defendant was twenty feet from the child when she first saw her. The city ordinance prohibited one from driving an automobile in excess of twenty miles an hour, and prohibited the operation of an automobile on approaching a street intersection in excess of ten miles an hour. The defendant did not testify as to the rate of speed, or that she slowed as she approached the intersection; but testified that when she saw the child she immediately applied her brakes and did all she could to avoid striking the child.

The evidence showed without dispute that the plaintiff sustained injuries to the person as the result of being struck by the automobile. The evidence demanded a finding that the defendant violated the ordinance of the City of Cornelia in both respects, and that had she complied with the ordinance by slowing her car to ten miles per hour as she approached the intersection her car would not have' struck the child. The evidence demanded a verdict for the plaintiff in some amount, and the judge erred in overruling the motion for new trial. It is not necessary to inquire into the special grounds.

*Judgment reversed. Sutton and Felton, JJ., concur.*