32296. CHRISTIAN *v.* SMITH.

DECIDED FEBRUARY 11, 1949.

604

*Harris, Harris, Russell & Weaver,* for plaintiff in error.
*Benning M. Grice,* contra.

FELTON, J. ■ The court did not err in overruling the general demurrer to the petition, or in overruling the motion for a new trial on the general grounds. The burden of the defendant's argument on these questions is that no negligence on the part of the defendant was alleged or proved with the exception that the jury was authorized to find that the defendant's truck was being

operated at 35 miles per hour and that the speed of the truck was not the cause of the accident, contending that the injury would have resulted in any event regardless of the speed of its travel. We do not agree with this contention. Some of the other allegations of negligence, if not all, were relevant to the question of whether the defendant's driver was negligent under the circumstances alleged and proved. If, as alleged, and as the jury was authorized to find, the driver of the truck could have seen the child going toward the bus unprotected by her mother, in time to have slowed down the truck, whether he was driving at 35 miles per hour or 30 miles per hour, or less, or to have given warning by blowing his horn, or both, the jury was authorized to find that the driver was negligent, and of course, the petition sufficiently alleged actionable negligence. The truck driver testified that he did not see the child until she was 8 feet from him, and that she was hit while on the truck driver's right-hand side of the road. The child was under six years of age and was not chargeable with negligence. *Riggs v. Watson,* 77 *Ga. App.* 62 (47 S. E. 2d, 900). Motorists owe very young children a greater duty than they owe to normal adults. 38 Am. Jur. 685, § 40; 14 A. L. R. 1180; 67 A. L. R. 317; *Huckabee v. Grace,* 48 *Ga. App.* 621 (173 S. E. 744), and cases cited; *Cohn v. Buhler,* 30 *Ga. App.* 14 (116 S. E. 864); *City Ice Delivery Company v. Turley,* 44 *Ga. App.* 32 (160 S. E. 517); *Avery v. Harris,* 68 *Ga. App.* 630 (23 S. E. 2d, 499); 2 Blashfield, Cyclopedia of Automobiles, Law and Practice, § 1497, pp. 530, 531; *Smith v. Kleinberg,* 49 *Ga. App.* 194 (174 S. E. 731). The "sudden-appearance" doctrine, involved in cases where a child suddenly appears from behind some obstacle and runs into a vehicle under circumstances where the driver had no occasion to anticipate it and guard against it and could do nothing to avoid a collision, does not apply in this case. In this case the jury was authorized to find that the child was within view of the driver before she darted into the road, and that he, by the exercise of ordinary care, could have seen her not only before she darted into the road but also after she started into the road and before she got within 8 feet of the truck. The jury could have found that the truck driver violated duties other than the mere duty not to operate the truck in excess of 30 miles an hour. The evidence does not require the finding that the

mother's negligence bars her recovery. The finding was authorized that, in the exercise of ordinary care, the truck driver could have seen the child running alone into the street in time to have avoided injuring her.

■ The assignment of error in ground 2 of the amended motion for a new trial is without merit. The exception is that the charge as a whole was argumentative, that it was favorable to the contentions of the plaintiff and omitted to set forth the contentions of the defendant. We have duly considered the charge. While the court might have spent more time in charging on the contentions of the plaintiff it did not unduly stress them, or argue them, and fully charged the jury with reference to every contention made by the defendant.

■ Special ground 3 complains of the following charge: "Another statute provides that upon approaching or passing any person walking in the roadway or traveling any public street or highway or upon any bridge or crossing at the intersection of public streets or highways, the operator of a motor vehicle or motorcycle shall at all times have the same under immediate control." The complaint is that it was argumentative and unduly stressed the contention of the plaintiff and was unauthorized because there was no evidence that the child was such a person as is described in the statute. The charge was not argumentative and did not unduly stress the contentions of the plaintiff. Code § 68-304 applies to the child running into the road if the driver of the truck could have seen her in the exercise of ordinary care in time to avoid injuring her.

■ In special ground 4 the following charge is complained of: "I charge you a pedestrian and a person with an automobile have each the right to use the public highway, but the right of an operator of an automobile upon the highway is not superior to the right of a pedestrian, and it is the duty of each to exercise his right with due regard to the corresponding rights of the other." This charge was not error for the reasons assigned.

■ Special ground 5 complains of the following charge: "The driver of an automobile is bound to use reasonable care and to anticipate the presence on the streets of other persons having equal rights with himself to be there, and a pedestrian when lawfully using the public highway is not bound to be continually

looking and listening to ascertain if automobiles are approaching under the penalty if he fails to do so and is injured it must be conclusively presumed that he was negligent." The complaint, identical with that in the preceding division, is without merit.

■ Special ground 6 complains of the following charge: "Now, I charge you that as a matter of law the deceased child was too young, immature and inexperienced to possess sufficient judgment, prudence and discretion to be chargeable with the failure to exercise due care for her own safety or with any contributory negligence. Therefore, in determining whether or not the defendant's driver was negligent and whether that negligence, if any, was a proximate cause of the collision that produced the child's death, you are not to consider whether or not the child used any care for her own safety, since under the law of Georgia, she was not chargeable with the duty of exercising any care for her own safety. Now, even if you find that the deceased child acted contrary to all principles of self-preservation or for care of her own safety, if you further find that the defendant's driver, by the exercise of ordinary care, could have observed the child and could have anticipated the course of action she took, and you find by the exercise of ordinary care he could have avoided the collision with the child, then I charge you that you would be authorized to find that the defendant's driver was negligent." The complaints are that it was illegal and prejudicial because (1) it removed from the consideration of the jury the conduct of the child and (2) there was no evidence of negligence on the part of the truck driver. This excerpt from the charge did not have the effect of eliminating the conduct of the child from the consideration of the jury. It merely eliminated the child's negligence. The court elsewhere charged the law of accident which fully covered defendant's contentions. There is no merit in the second assignment of error as shown elsewhere in this opinion.

■ Ground 7 of the amended motion complains of the following charge: "Now, I charge you that the driver of a motor vehicle is obligated to keep a reasonable lookout ahead for persons or vehicles upon the street in front of him or so near the street in front of him as to be in danger of being struck by his vehicle. A failure on his part to keep such reasonable lookout ahead, if he did, may constitute negligence on his part, if you so

find." The contentions that this charge was argumentative and not authorized by the evidence are without merit.

■ Ground 8 of the amended motion complains of the following charge: "I charge you a driver of a motor vehicle, upon observing a child of tender years standing near or proceeding alongside or approaching the roadway on which he is driving in such a way that he can reasonably anticipate that said child might come upon the roadway and collide with his vehicle, it becomes his duty to use such care as an ordinarily prudent man would use under like or similar circumstances, to so run and operate his vehicle as to avoid coming into collision with such child or avoid having such a child coming into collision with his vehicle." The complaint is that it was argumentative, and unauthorized for the reason that there was no evidence to impose on the truck driver any anticipatory duty in connection with the care due said child. The charge was not error for any reason assigned in this ground of the motion.

The court did not err in overruling the general demurrer or the motion for a new trial.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*