36894.   HARRIS *v.* COMBS.

DECIDED OCTOBER 22, 1957—REHEARING DENIED NOVEMBER 4, 1957.

*Clement E. Sutton,* for plaintiff in error.

*Walton Hardin,* contra.

GARDNER, P. J. The question for determination here is whether or not the court erred in refusing to grant the motion for judgment in accordance with the motion for a directed verdict. We have set out the testimony hereinabove in detail. It appears that the only testimony as to defective brakes was that of the plaintiff. According to his testimony, he just happened to sit in the car of the defendant parked in front of the hospital, happened to test the brakes and found them defective, and that he did not report this to the authorities. Code (Ann.) § 68-1715 covers the matter of defective brakes. See *Railway Express Agency* v. *Standridge,* 68 *Ga. App.* 836, 840 (24 S. E. 2d 508). There is other positive testimony as to the condition of the brakes from many other witnesses such as tire marks, sign of brakes being applied, etc. See *American National Ins. Co.* v. *Gantt,* 46 *Ga. App.* 744 (169 S. E. 133) wherein this court said: "The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him, when it is self-contradictory, vague, and equivocal. And unless there be other evidence tending to establish his right to recover, he is not entitled to a finding in his favor, if the version of his testimony most unfavorable to him shows that the verdict should be against him." See also *Clark* v. *Calhoun National Bank,* 53 *Ga. App.* 691, 694 (187 S. E. 304), and *Branan* v. *LaGrange Truck Lines, Inc.,* 94 *Ga. App.* 829, 845 (96 S. E. 2d 364). No contributory negligence can be involved on the part of the child because of the very young age of the child. See *Braswell* v. *Smith,* 27 *Ga. App.* 430 (110 S. E. 415), *Cohn* v. *Buhler,* 30 *Ga. App.* 14,

17 (116 S. E. 864), and *Ragan* v. *Goddard,* 43 *Ga. App.* 599, 602 (159 S. E. 743).

In an emergency a driver is not required to exercise the same care as if driving without the presence of the emergency. See *Pacetti* v. *Central of Ga. Ry. Co.,* 6 *Ga. App.* 97, 102 (64 S. E. 202); *Brown* v. *Savannah Electric &c. Co..,* 46 *Ga. App.* 393, 399 (167 S. E. 773); *Horton* v. *Sanchez,* 57 *Ga. App.* 612, 620 (195 S. E. 873); *Chitwood* v. *Stoner,* 60 *Ga. App.* 599, 603 (4 S. E. 2d 605); *Luke* v. *Powell,* 63 *Ga. App.* 795, 804 (12 S. E. 2d 196); *Cone* v. *Davis,* 66 *Ga. App.* 229, 233 (17 S. E. 2d 849); *Baggett* v. *Jackson,* 79 *Ga. App.* 460, 464 (54 S. E. 2d 146); *Fetzer* v. *Rampley,* 81 *Ga. App.* 806, 809 (60 S. E. 2d 184). The driver is not liable if a child runs into a vehicle where the driver could not anticipate or avoid a collision. See *Christian* v. *Smith,* 78 *Ga. App.* 603, 606 (51 S. E. 2d 857).

Negligence is a question particularly for the jury. See *Otis Elevator Co.* v. *Rogers,* 33 *Ga. App.* 181, 188 (125 S. E. 763), *King* v. *Loeb,* 93 *Ga. App.* 301 (91 S. E. 2d 532) and *Beale* v. *Grimsley,* 94 *Ga. App.* 891 (96 S. E. 2d 615).

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*