37925. RED TOP CAB COMPANY, INC. *v.* COCHRAN, Next Friend.

DECIDED NOVEMBER 17, 1959.

*Tyler, Burns & Tyler, John C. Tyler,* for plaintiff in error.
*Sam Phillips McKenzie,* contra.

NICHOLS, Judge. ■ The evidence adduced on the trial was in sharp conflict. The plaintiff's evidence showed that the front of the taxicab struck the minor as he was *walking* across the street and while such taxicab was traveling 40 miles per hour through

a thickly populated area in the City of Atlanta. The defendant's evidence showed that the minor *ran* into the side of the taxicab while it was traveling between 15 and 20 miles per hour. The evidence authorized the verdict and the trial court did not err in denying the defendant's motion for new trial on the usual general grounds. See *Halpern* v. *Strickland,* 98 *Ga. App.* 890 (107 S. E. 2d 227), and citations, as to the duty of this court in cases involving the denial of a new trial on the usual general grounds by the trial court.

■ The sole special ground assigns error on the following excerpt from the charge: "Now, gentlemen, I charge you, as a matter of law, that Clarence Sharkey Cochran was too young, immature, and inexperienced to possess sufficient judgment, prudence and discretion to be chargeable with the failure to exercise due care for his own safety or with any contributory negligence. Therefore, in determining whether or not the defendant driver was negligent and whether that negligence, if any, was a proximate cause of the collision that produced the child's alleged injuries, you are not to consider whether or not the child used any care for his own safety, since, under the law of Georgia, he is not chargeable with the duty of exercising care for his own safety. Now, even if you find that the said child acted contrary to all principles of self-preservation, or for the care of his own safety, if you further find that the defendant's driver, by the exercise of ordinary care, could have observed the child and could have anticipated the course of action he took, and you find, by the exercise of ordinary care, he could have avoided the collision with the child, then I charge you that you would be authorized to find the defendant's driver was negligent. I further charge you, gentlemen, that no contributory negligence can be involved on the part of the child because of the young age of the child." This charge, for all practical purposes, is verbatim with the charge approved by this court in *Christian* v. *Smith,* 78 *Ga. App.* 603, 608 (51 S. E. 2d 857), where the plaintiff's 5-year-old daughter was allegedly killed as the result of the negligence of the defendant.

The real contention of the defendant in the present case appears to be that the charge was error because of the age of the

child, and while the defendant argues that the child could have been 7 years old at the time he was injured, the assignment of error on the charge, as contained in the amended motion for new trial, states: "The said charge was error on the further ground that there is no conclusive presumption that a child of 6 years of age was too young, immature and inexperienced to possess sufficient judgment, prudence and discretion to be chargeable with the failure to exercise due care for his own safety or with any contributory negligence."

In *Huckabee* v. *Grace*, 48 *Ga. App.* 621 (173 S. E. 744), it was held that a question for the jury was presented as to whether a child 8 years old exercised due care under the circumstances surrounding the question under investigation. The 8-year-old child was struck by an automobile. However, the case of *Riggs* v. *Watson*, 77 *Ga. App.* 62 (47 S. E. 2d 900), held that a child 5 years, 2 months and 25 days old was incapable of contributory negligence and quoted approvingly from 107 A.L.R. 107 and Blashfield, Vol. 2, § 1521, where it is stated in both works that it is almost universally agreed that a child of the tender years *of 6 or less* does not have sufficient intelligence to be chargeable with negligence so as to defeat recovery for injuries caused by a collision with an automobile, and in the absence of any Georgia case to the contrary, and none were cited by the parties or found by the court, the rule as here shown, that a child *of 6 or less* cannot be guilty of contributory negligence will be followed. Therefore, the trial court did not err in giving the charge complained of.

Counsel for the defendant points out an apparent conflict in the cases of *Cohn* v. *Buhler*, 30 *Ga. App.* 14, 17 (116 S. E. 864), and *Harris* v. *Combs*, 96 *Ga. App.* 638, 643 (101 S. E. 2d 144), both involving 7-year-old children; the first holding that a jury question as to the due care to be exercised by the child was presented and the latter holding that the 7-year-old child was too young to be guilty of contributory negligence. The defendant asks that the latter case be overruled. The case sub judice deals with a 6-year-old child and since the above ruling is not in conflict with either case the court is now powerless to overrule either case inasmuch as such a judgment would be obiter dic-

710

tum. It may be said, however, that the thinking of the court at the present would be that the case of *Harris* v. *Combs,* supra, sets forth the better rule. Moreover, the court in the case of *Cohn* v. *Buhler,* supra, had for considration the questions of whether the trial court erred in failing to direct a verdict for the defendant and whether there was any evidence to authorize the verdict for the plaintiff, and not the direct question of whether a 7-year-old child is too young to be guilty of contributory negligence.

In view of what has above been held, that a 6-year-old child is too young to be guilty of contributory negligence, and that the evidence authorized the verdict, the judgment denying the defendant's amended motion for new trial was not error for any reason assigned.

*Judgment affirmed. Quillian, J., concurs. Felton, C. J., concurs in the judgment.*