### 31018. ASHBAUGH v. TROTTER.

INGRAM, Justice.

Certiorari was originally granted in this case "to review the question of the age at which a child can be chargeable with [primary] negligence or contributory [or comparative] negligence, and to re-examine the holdings in...*Hatch v. O'Neill,* 231 Ga. 446 (202 SE2d 44); *Brady v. Lewless,* 124 Ga. App. 858 (186 SE2d 310); and *Red Top Cab Co., Inc. v. Cochran,* 100 Ga. App. 707 (112 SE2d 229)." The decision of the Court of Appeals in this case is reported at 137 Ga. App. 378 (224 SE2d 42) (1976). Essentially, it holds that "a child plaintiff of the age of six years and three months is too young to be capable of contributory negligence."

The Court of Appeals decision is based on "adherence to controlling [Court of Appeals] precedent, that being *Red Top Cab v. Cochran,* supra," which dictated its judgment under the doctrine of stare decisis. This statement of the narrow holding of the Court of Appeals in this case clearly shows that this court should limit its review to the single issue decided and not, as originally announced, extend its consideration to *Hatch v. O'Neill,* supra, and *Brady v. Lewless,* supra.

Both of the latter cases deal with whether an infant defendant under the age of criminal responsibility can be held accountable in tort for alleged negligence. That issue is simply not involved in the present case. Therefore, the holdings in *Hatch* and *Brady,* creating as they do, an anomaly in our tort negligence law by applying different standards to infant plaintiffs and infant defendants must await further consideration in an appropriate case.

With that issue thus set aside, we direct attention to the specific issue before us: Is an infant plaintiff, age 6 years and 3 months, conclusively presumed to be "too

young to be guilty of contributory negligence?"

The answer to this inquiry is found in Code Ann. § 105-204, which provides, "Due care in a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation." Since the *Red Top Cab* decision does not mention Code Ann. § 105-204, we do not consider it as controlling precedent in this case and we decline to follow it. Instead, we are of the opinion that the plain language of the Code section must be applied and that the question of the infant's alleged negligence is one for the jury in this case under appropriate instructions from the trial court. We think this is the correct rule in Georgia and also is the widely-held view throughout the country. See Restatement of Torts 2d, § 283A, p. 14,[1] and 65A CJS 175-180, Negligence, § 145. See also Patterson v. Cushman, 6 Alaska 3d 421 (394 P2d 657); Mundy v. Johnson, 84 Idaho 438 (373 P2d 755); Dennehy v. Jordan Marsh Co., 321 Mass. 78 (71 NE2d 758) (1947); Pelzer v. Lange, 254 Minn. 46 (93 NW2d 666) (1959); Ligon v. Green, 206 SW2d 629 (Tex., 1947); Courtell v. McEachen, 51 Cal. 2d 448 (334 P2d 870) (1959); D. C. Transit System v. Bates, 262 F2d 697 (D. C. Cir. 1958); Grace v. Kumalaa, 47 Haw. 281 (386 P2d 872) (1963); De Groot v. Van Akkeren, 225 Wis. 105 (273 NW 725) (1937); Gilbert v. Quinet, 91 Ariz. 29 (369 P2d 267) (1962); Brinkley Car Works & Mfg. Co. v. Cooper, 70 Ark. 331 (67 SW 752) (1902); Altieri v. D'Onofrio, 21 Conn. Sup. 1 (140 A2d 887) (1958); Dillman v. Mitchell, 13 N. J. 412 (99 A2d 809) (1953); Boyett v. Airline Lumber Co., 277 P2d 676 (Okl. 1954); Doyen v. Lamb, 75 S. D. 77 (59 NW2d 550) (1953); Serano v. N. Y. C. & H. R. Co., 188 N. Y. 156 (80 NE 1025)

---

[1]Restatement, Torts 2d § 283 A provides: "If the actor is a child, the standard of conduct to which he must conform to avoid being negligent is that of a reasonable person of like age, intelligence and experience under like circumstances." Comment (a) indicates the section applies to contributory negligence "but the rule is equally applicable to child defendants."

(1907); Taylor v. Barlly, 216 Md. 94 (140 A2d 173) (1958); Shipp v. Curtis, 318 F2d 797 (9th Cir. 1963) (Wash.); Jennings v. Ebie, 147 NE2d 139 (Ohio Ct. Common Pleas, 1958); Johnson v. Selindh, 221 Iowa 378 (265 NW 622) (1936); City of Knoxville v. Camper, 21 Tenn. App. 210 (108 SW2d 787); Vitale v. Smith Auto Sales Co., 101 Vt. 477 (144 A 380) (1929).

*Judgment reversed. All the Justices concur.*

ARGUED MAY 11, 1976 — DECIDED JUNE 8, 1976.

*Savell, Williams, Cox & Angel, Edward L. Savell,* for appellant.

*Coggin, Haddon, Stuckey & Thompson, Fletcher Thompson,* for appellee.