### 57075. DAVIS v. WEBB.

MCMURRAY, Judge.

Katrina Victoria Davis, age five years ten months, was involved in an automobile incident in which she was injured when an automobile collided with her when the front wheel of the vehicle driven by Ms. Webb rode onto her chest.

Thereafter, Katrina Victoria Davis, by and through her mother as next friend, sued Ruby C. Webb, the driver of the vehicle which struck her as she was crossing the alleyway which serves as a driveway for the residence of defendant. A jury verdict was returned in favor of the defendant. Judgment followed the verdict, and plaintiff's motion for new trial was filed and denied. Plaintiff appeals. *Held:*

1. Until the decision in *Trotter v. Ashbaugh,* 137 Ga. App. 378 (224 SE2d 42), was reversed by the Supreme Court in *Ashbaugh v. Trotter,* 237 Ga. 46 (226 SE2d 736), a child of the age of the plaintiff was conclusively presumed to be too young to be guilty of contributory negligence. However, in the *Ashbaugh* case the Supreme Court took into consideration Code § 105-204 as to the due care of a child of tender years and held that the principle language of the statute must be applied and "the question of the infant's alleged negligence is one for the jury. . . under appropriate instructions from the trial court." The trial court here fully charged the jury to determine what

were the circumstances and true facts of the matter under investigation and then determine the child's age and mental and physical capacity at the time of the injury and "from this you will then determine what care she was capable of exercising and whether or not she exercised that particular care [which] would be the due care expected of her by law." The trial court then instructed the jury after it had determined that care to determine whether or not she had exercised that care, whatever it was, and if her acts, whatever they were, constituted negligence for a child her age and under her circumstances or not. The court then fully charged on the question of negligence by both parties "keeping in mind the difference in the duty of care" including instructions as to the law as to diminishing damages or comparative negligence. The court fully charged the law as required by *Ashbaugh,* 237 Ga. 46, supra. The trial court did not err in charging the jury on comparative negligence inasmuch as the evidence was somewhat in conflict as to how and in what manner the defendant drove the automobile onto the body of this minor child. Based on the consideration of the age of the child and as to whether or not the child exercised due care in the actual circumstances here the jury was authorized to consider that the child may have been negligent in some manner.

The court did not err in refusing to charge as requested that the plaintiff was too young, immature and inexperienced to possess sufficient judgment, prudence and discretion to be chargeable with the failure to exercise due care for her own safety or with any contributory negligence. As stated in *Ashbaugh v. Trotter,* 237 Ga. 46, 47, supra, that court refused to follow *Red Top Cab Co. v. Cochran,* 100 Ga. App. 707 (112 SE2d 229), cited by the plaintiff in support of the written request to charge as the court did not consider it a controlling precedent.

2. In consideration of the entire evidence which is somewhat conflicting as to the facts and circumstances surrounding the incident in which the child's body was run over by an automobile crossing the sidewalk and leaving an alley to enter the street it cannot be said the evidence is insufficient to support the findings of the jury

in favor of the defendant.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED JANUARY 8, 1979 — DECIDED FEBRUARY 22, 1979.

*L. Z. Dozier, J. Robert Daniel,* for appellant.
*Hendley V. Napier, Robert R. Gunn,* for appellee.