A92A0038. HOBSON v. KROGER COMPANY.

(419 SE2d 492)

BIRDSONG, Presiding Judge.

This is an appeal from the order of the state court granting the motion for summary judgment in behalf of appellee, The Kroger Company, in a suit for damages arising from the slip and fall of a child, age five years and eight months, in appellee's store.

The trial court in granting the motion for summary judgment

418

noted: "The duty of the landowner to an invitee is to exercise ordinary care to warn of hazardous or perilous conditions, that requirement being based upon the landowner's superior knowledge of conditions known to him, but not to the invitee. *Inherent in that requirement is the ability of the invitee to appreciate the danger;* however, the landowner is not an insurer of an invitee's safety. In this case, the fact that the [appellee's] employee was in the process of removing the spill and was observed by the invitee while doing so, demonstrates due diligence and at a minimum the exercise of ordinary care by the [appellee]." (Emphasis supplied.)

The pertinent deposition testimony of the child, Brandon Hobson, taken when he was age seven-and-a-half, is as follows: "A. [Brandon Hobson] Well, it was up there by the dairy thing *where the sodas and stuff were,* and this broken glass or broken bottle of Sprite, I didn't notice it on the floor; and when I was walking up there with my sandals and karate suit on, I just slipped over. . . . Q. [Appellee's Counsel] You said it was a Sprite? Do you remember what the liquid was? A. It was Sprite. Q. It was a broken bottle? A. Yes. Q. Did you see the broken bottle? A. (Witness nods negatively). Q. Had you been running around the aisle? A. No. I was walking and then I slipped over. Q. Did you notice anybody in the aisle? . . . A. Yes. Q. Who did you see? A. I thought I saw someone was sweeping — getting it up with a mop. Q. So you saw somebody cleaning up the spill with a mop? A. Yes. And *I was trying to look at this thing over there* but — something over there, and then *I said one little peep won't hurt because I won't go too far,* so I walked up there and then on accident, I slipped. Q. What were you looking at when you slipped? A. *I was looking at one of those Coca-Cola bottles,* the back of it. Q. You weren't looking on the floor? A. *No.* Q. Prior to your falling, had you seen anything on the floor? . . . A. Well, I saw some Sprite. *I said one little peep wouldn't hurt.* . . . Q. Before you fell, did you see anything on the floor? A. Actually, I did. Q. What did you see? A. I saw some liquid and a broken bottle. Q. Do you know *that liquid* can be slippery? A. Yes. Q. And then you walked into the liquid? A. And then I tripped over and fell on my back and then I was cut. Actually, I can't remember. . . . (Emphasis supplied.) *Held:*

Examining the deposition testimony of Brandon Hobson, we conclude that his uncontroverted testimony, together with all reasonable inferences to be drawn therefrom, reveals that the then five-and-three quarter-year-old child saw spilled Sprite and a broken Sprite bottle in the aisle, he observed a lady mopping the substance, immediately thereafter his attention diverted from the spill and focused on a nearby Coca-Cola bottle being displayed for sale, and he believed it would be okay to take a "peep" at it, *because he was not going to be going that far.* As he moved toward the Coca-Cola bottle, he was not

looking at the floor; he then slipped in the spilled beverage falling upon the broken glass.

OCGA § 51-3-1 provides that "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." In *Augusta Amusements v. Powell*, 93 Ga. App. 752, 754 (92 SE2d 720), we held: "Code § 105-204 [currently OCGA § 51-1-5 with minor modifications] provides as follows: 'Due care in a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation.' As applied to this case, this Code section would relate to that degree of care which the child should be required to exercise for his own safety, and, as to a child of seven years, the question would be one for the jury to decide. [Cit.] As to the duties of adults toward children, the rule of law is that children of tender years are entitled to a degree of care proportioned to their ability to foresee and avoid perils which may be encountered [cit.]; that by reason of this 'due care' or 'ordinary care' to avoid injury to another may involve a greater duty owed to small children lawfully upon premises than to older persons [cit.]; and accordingly the degree of care may vary with the capacity of the invitee. But, regardless of the age or capacity of the injured person, if there is no breach of any legal duty on the part of the defendant toward such person, there can be no legal liability." In this regard, " ' "[t]he customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." ' " *Alterman Foods v. Ligon,* 246 Ga. 620, 623 (272 SE2d 327). " ' "The law is clear that the basis for an owner's liability for injury occurring to another while on the owner's property is the owner's superior knowledge of the danger or defect which was the proximate cause of the injury. The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. . . . Thus, the basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn the invitee and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does." ' " *Froman v. George L. Smith &c. Auth.*, 197 Ga. App. 338, 339 (398 SE2d 413). "We recognize . . . that even in premises liability cases . . . the age of the injured person is relevant. Because a child may be unable

to appreciate a danger and, therefore, to have knowledge of the hazard equal to that of the owner/occupier, an owner/occupier may be held to a higher standard of care toward a child than toward an adult." *Atlanta Gas Light Co. v. Gresham,* 260 Ga. 391, 392 (3) (394 SE2d 345). However, in this case, it is clearly and palpably shown by the evidence that the child was aware in fact of the existence of the hazard and therefore had knowledge of the hazard equal to that of the owner of the premises. Summary judgment law does not require the defendant to show that no issue of fact remains, but rather that no genuine issue of material fact remains; and while there may be some shadowy semblance of an issue regarding the child's ability to appreciate the existence and scope of the danger posed by the spill, the case may nevertheless be decided as a matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion. *Peterson v. Liberty Mut. Ins. Co.,* 188 Ga. App. 420, 424 (373 SE2d 515).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MAY 12, 1992 —
RECONSIDERATION DENIED JUNE 3, 1992 —

*Mays & Slayton, W. Roy Mays III, Linda J. Dees, Thomas A. Cox, Jr.,* for appellant.

*Smith, Gambrell & Russell, Richard W. Brown, David A. Handley,* for appellee.