A93A0510. YOUNG et al. v. WAL-MART STORES, INC.

(433 SE2d 121)

BLACKBURN, Judge.

This is an appeal from the trial court's order granting appellee/defendant, Wal-Mart Stores, Inc.'s (Wal-Mart) motion for summary judgment in a suit for damages arising from the fall of an eight-year-old child in Wal-Mart. Appellants, Bob Fred Young, individually and as next friend of Kelly Leanne Young (hereinafter referred to collectively as the Youngs), brought the instant action, sounding in negligence, against Wal-Mart.

The undisputed facts indicate that on August 22, 1989, Kelly Young accompanied her parents on a shopping trip to Wal-Mart. While her parents were looking at exercise equipment, Kelly wandered over to a treadmill which had been set up for demonstration and display. Kelly stated that when she stepped on the treadmill, the tread rolled back and she fell down, seriously injuring her knee. It is uncontroverted that the treadmill was turned off. It is also uncontroverted that Kelly's father could not make the tread roll when he tested the treadmill several days after his daughter's injury. Furthermore, the evidence is clear that Wal-Mart had no knowledge of any other complaints, claims, or alleged injuries involving the treadmill.

On appeal, the Youngs assert 11 enumerations of error. However, their "argument division contains no separate paragraphs relating to each enumeration as required by our rules. See Rule 15 (c) (1). Accordingly, we shall consider the enumerations en masse, as treated by [the Youngs]. Any enumeration not so treated in this opinion is deemed abandoned by [the Youngs]. [Cit.]" *McMullan v. Ga. Girl Fashions*, 180 Ga. App. 228, 229 (348 SE2d 748) (1986). Essentially, the Youngs contend that the trial court erred in granting Wal-Mart's motion for summary judgment, in that several issues of disputed fact required a determination by the jury.

The Youngs' basis for liability is set out in OCGA § 51-3-1 which provides that "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." However, "[a] storekeeper is not liable as an insurer of the safety of persons whom he has invited to enter his premises. He owes them a duty of ordinary care, to have his premises in a reasonably safe condition, not to lead them into a dangerous

trap, or to expose them to unreasonable risk, but to give them adequate and timely notice and warning of latent or concealed perils. . . . What the law requires is not warranty of the safety of everybody from everything, but such diligence toward making the store safe as a good business man is in such matters accustomed to use." (Citations and punctuation omitted.) *Madaris v. Piggly Wiggly Southern,* 205 Ga. App. 405, 406 (422 SE2d 273) (1992).

"The law is clear that the basis for an owner's liability for injury occurring to another while on the owner's property is the owner's superior knowledge of the danger or defect which was the proximate cause of the injury. The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. . . . We recognize that even in premises liability cases the age of the injured person is relevant. Because a child may be unable to appreciate a danger, and therefore, to have knowledge of the hazard equal to that of the owner/occupier, an owner/occupier may be held to a higher standard of care toward a child than toward an adult." (Citations and punctuation omitted.) *Hobson v. Kroger Co.,* 204 Ga. App. 417, 419-420 (419 SE2d 492) (1992).

In the present case, the record contains no evidence that the treadmill was a perilous instrumentality or that it exposed Kelly to an *unreasonable* risk of harm. The evidence showed that Kelly cut her knee on one of the angle irons, located on each side of the tread. Bob Young testified that "the angle iron was 90 degrees, flat on top, vertical on the sides." He deposed that "[t]his was not a honed edge (e.g., not like a sharpened knife), but it was a gauge of thin enough metal to where an abrupt impact with the metal would cut." In their brief filed with this court, the Youngs assert that the edges of the angle iron were "unfinished, rough, [and] jagged"; however, these descriptions are not supported in the record.

If the description of the angle irons as found in the Youngs' briefs was supported by the evidence, the question of whether Wal-Mart breached its duty to Kelly Young would be properly submitted to the jury. Since, however, there is no such evidence and it is clear that Wal-Mart had no actual knowledge of any danger associated with the treadmill, no jury question exists. Furthermore, Wal-Mart had no constructive knowledge that the treadmill could be considered a "perilous instrumentality." The evidence is clear that tread on the treadmill would not move, when the machine was turned off, on every occasion except when Kelly stepped on it. Furthermore, because the angle irons were not jagged or uneven, one could not tell by mere observation that an injury, such as occurred, could happen.

"In *Augusta Amusements v. Powell,* 93 Ga. App. 752, 754 (92 SE2d 720), we held: 'Code § 105-204 (currently OCGA § 51-1-5 with

minor modifications) provides as follows: "Due care in a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation." As applied to this case, this Code section would relate to that degree of care which the child should be required to exercise for his own safety, and, as to a child of [eight] years, the question would be one for the jury to decide. (Cit.) As to the duties of adults toward children, the rule of law is that children of tender years are entitled to a degree of care proportioned to their ability to foresee and avoid perils which may be encountered (cit.); that by reason of this "due care" or "ordinary care" to avoid injury to another may involve a greater duty owed to small children lawfully upon premises than to older persons (cit.); and accordingly the degree of care may vary with the capacity of the invitee. But, regardless of the age or capacity of the injured person, if there is no breach of any legal duty on the part of the defendant toward such person, there can be no legal liability.' " *Hobson,* supra at 419.

In the present case, considering the relevant facts, including, but not limited to, Kelly Young's age and the condition of the treadmill, the trial court was correct in finding that Wal-Mart did not breach its legal duty to not expose the Youngs to an unreasonable risk of harm while on its premises and approaches.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 24, 1993.

*Greer, Klosik & Daugherty, John F. Daugherty, William L. Swank II, Joseph G. Stewart, Jr.,* for appellants.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, Joseph B. Atkins, McLain & Merritt, Howard M. Lessinger,* for appellee.