A95A1411. CLANTON et al. v. GWINNETT COUNTY SCHOOL DISTRICT et al.
(464 SE2d 918)

BEASLEY, Chief Judge.

Jimmy Clanton III, by and through his parents, sued the Gwinnett County School District and Jo Ann Rosselle alleging that as a result of their negligence Jimmy was injured. The incident occurred when Jimmy, who was five years and ten and one-half months old, was being supervised by Ms. Rosselle in a kindergarten class at a school in Gwinnett. Part of the planned activities for the kindergarten class was candlemaking. According to the Clantons, Jimmy tripped on the electric cord of a hot plate, caused boiling water to spill, and suffered first and second degree burns. A jury returned a defendants' verdict.

1. In four enumerations of error, the Clantons claim that the trial court erred in failing to charge the jury upon request that a child under six years old is presumed incapable of contributory negligence; that the court erred in charging the jury regarding contributory and comparative negligence; and that the court erred in denying their mo-

tion for a directed verdict on the issue of contributory negligence.[1]

(a) First we note that appellants' separate enumerations of error, filed in accordance with Court of Appeals Rule 22, state five enumerations. Their brief, however, in the part set out as specified in Rule 27 (a) (2), lists only four. But there are five sections in the brief, corresponding to the five enumerations in the separate document. The Court should not be called upon to decipher the structure of parties' submissions so as to match items up. Such sidetracks consume limited time better spent on the substantive issues.

(b) Second, it is notable that plaintiffs did not properly object to the court instructing the jury on the law as set out in OCGA § 51-1-5, which the court did verbatim. Actually, there was a discussion of it at the pretrial conference, plaintiffs taking the position that it applied only to children between the ages of six and fourteen. Earlier in the conference, plaintiffs had substantially offered it as a substitute for part of defendant's Request to Charge No. 15, which the court accepted by striking the objectionable part of the request and giving OCGA § 51-1-5. When asked for exceptions after the charge was given, plaintiffs did not mention the recitation of OCGA § 51-1-5. Thus the jury had the statutory principle, without objection, as an instruction for their deliberations in measuring the child's conduct.

And that is as it should have been. The trial court did not err but rather followed the mandate given by the Georgia Supreme Court in *Ashbaugh v. Trotter*, 237 Ga. 46 (226 SE2d 736) (1976), which governs the issue adversely to appellants. It construes and applies the statute which is now designated OCGA § 51-1-5.

The Court, neither in that case nor in any other Georgia case that we have read, had for consideration any expert opinion on child capacities so as to allow a reasoned cut-off age of six to be judicially established for negligence. Absent such, the question is properly left to the jury, which can size up all the particular evidence in the case and bring its collective common knowledge of children's capacities to bear in determining first, whether the child was capable of negligence in the premises and second, whether the child was negligent. *Hilburn v. Hilburn*, 163 Ga. 23 (3) (135 SE 427) (1926); *American Oil Co. v. Floyd*, 136 Ga. App. 804, 805 (3) (222 SE2d 208) (1975). See, as related in theory, OCGA § 24-1-1 (6) (1975). This sensible attitude underlying the Supreme Court's opinion in *Ashbaugh* comports more with justice than does the pronouncement of an arbitrary age, on one side of which a child is held responsible for behavior, regardless of what it relates to, and on the other side of which no legal responsibil-

---

[1] In their complaint, they had alleged that the incident "was not the result of any negligence on the part of" Jimmy.

ity attaches.

In this instance the kindergarten child lacked his sixth birthday by less than one and one-half months. He was bright, in that in the approximately four years between the incident and the trial, he had earned all A's at school except for one B. When he fell over the cord, he was returning to the area where the children played housekeeping. He had gone to the teacher, apparently with the toy truck he had been playing with, to report that there were too many children in housekeeping, and she had told him what to do about it, to tell everybody to get out. The cord over which he tripped was on the floor. It was up to the jury to find whether this child of tender years exercised "such care as [his] mental and physical capacities enable[d] him to exercise in the actual circumstances of [this] occasion and situation. . . ." OCGA § 51-1-5.

In *Ashbaugh*, the child was four and one-half months older than Jimmy Clanton, and the Supreme Court gave no indication whatsoever that the Code section would not control if the child was under age six. It did not regard as controlling *Red Top Cab Co. v. Cochran*, 100 Ga. App. 707 (112 SE2d 229) (1959), but rather declined to follow it because it did not even mention the Code section. *Red Top* is one of the two cases relied on by appellants here in requesting a charge on conclusive presumption. Instead, the Court in *Ashbaugh* held, "the plain language of the Code section must be applied . . . the question of the infant's alleged negligence is one for the jury in this case under appropriate instructions from the trial court." *Ashbaugh*, supra at 47. The Court had undertaken a nationwide search and found this to be "the widely held view," specifically reciting the Restatement of Torts 2d, § 283A. Neither the statute nor the Restatement gives an automatic age cut-off, recognizing that children naturally mature and develop their faculties and capacities at different speeds and ages.

As Bleckley, C. J., wrote for the Court in *Western & Atlantic R. Co. v. Young*, 81 Ga. 397, 416 (2) (7 SE 912) (1888), concerning the standard of due care applicable to children: "Capacity (which includes personal experience as well as natural gifts) is the main thing. Age is of no significance except as a mark or sign of capacity." Thus, "[d]ue care on the part of this [nine-year-old] boy might fall far short of that of a prudent man, and yet exceed that of average boys of his own age. According to the evidence as to his standing at school, he was much above the average of his class." Id. at 417.

After the second trial in the *Young* case, the Court reiterated: "We distinctly held, and again hold, that due care, according to its age and capacity, is all that can be exacted of a child of tender years. This we did and again do with full knowledge that the code, in general language, exacts ordinary care, with no express exception as to children; but as ordinary care means, in our law, the care of every

prudent man, there must be an implied exception as to children, for it would be absurd to require the same measure of diligence from a child as from a man. The principle of the code is preserved when the same consequence is made to follow the omission of due diligence by a child which would follow the omission of ordinary diligence by an adult. Unless law is to have no amicable terms with reason whatever, this must be a sound view of the subject." *Western & Atlantic R. Co. v. Young*, 83 Ga. 512, 518-519 (7) (10 SE 197) (1889). The statute was originally derived in part from this language. Code 1895, § 2901.

It is doubtless that at some early stages of infancy the issue of negligence will be a matter of law for the court. See, e.g., *Reed v. Dixon*, 153 Ga. App. 604 (1), (5) (266 SE2d 286) (1980), where a child "slightly over a year old" was not chargeable, as a matter of law, with contributory negligence in wandering into the street where there was no crosswalk. Id. at 608. But this is not such a case. Whether we would agree with the jury as a matter of fact is not relevant.

It is true that in 1899, the Georgia Supreme Court concluded as a matter of law that a child age four and one-half was incapable of contributory negligence, but as in *Red Top Cab Co.*, the statute was not mentioned. *Crawford v. Southern R. Co.*, 106 Ga. 870, 877 (33 SE 826) (1899). It cited cases from other jurisdictions where contributory negligence was precluded because children were seven and six, ages clearly subject to the rule in OCGA § 51-1-5, according to *Ashbaugh*.

In *Davis v. Webb*, 149 Ga. App. 144 (253 SE2d 820) (1979), the child was almost the same age as Jimmy in this case, five years and ten months. The court held that the trial court correctly followed *Ashbaugh* by giving the statutory principle and refusing to charge that the child was too young to be chargeable with due care for his own safety or with contributory negligence.

*Young v. Wal-Mart Stores*, 209 Ga. App. 199 (433 SE2d 121) (1993), involved an eight-year-old. The court applied OCGA § 51-1-5 and considered the question of the child's negligence one for the jury, citing *Hobson v. Kroger Co.*, 204 Ga. App. 417 (419 SE2d 492) (1992). *Hobson* involved a child a little younger than Jimmy, i.e., five years and eight months. He was subject to the standard in OCGA § 51-1-5, and summary judgment to defendant was upheld because "the child was aware in fact of the existence of the hazard" yet advanced upon it. The court stated there was only "some shadowy semblance" of an issue regarding the child's ability to appreciate the existence and scope of danger posed by spilled Sprite and a broken Sprite bottle on the grocery store floor. Id. at 420.

In *Blackwell v. Cantrell*, 169 Ga. App. 795 (3) (315 SE2d 29) (1984), the child was age six, and it was deemed not error to refuse a request to charge that the child was incapable of contributory or primary negligence and to charge OCGA § 51-1-5, "the correct stan-

dard," instead. *Ashbaugh* is cited.

The age of the "minor . . . of tender years" is not stated in *Lequire v. Youmans*, 147 Ga. App. 174 (248 SE2d 235) (1978), but the court held that the trial court correctly followed *Ashbaugh*. The court rejected appellant's invitation to narrow it.

*Commerce Prop. v. Linthicum*, 209 Ga. App. 853 (434 SE2d 769) (1993), does not mention the statute and ignores *Ashbaugh*, and its statement that *Crawford*'s presumption of incapability applied to the four-year-old child is merely dictum. *Valdosta Housing Auth. v. Finnessee*, 160 Ga. App. 552 (1) (287 SE2d 569) (1981), applied a conclusive presumption of negligence incapability in the instance of a child age two and one-half, who was bitten by a rat at home in a housing project.

In this case it was properly a jury question.

2. The remaining enumeration complains of the court's charge on an aspect of damages. It is moot because the jury found no liability. *Pouncey v. Adams*, 206 Ga. App. 126, 127 (1) (424 SE2d 376) (1992).

*Judgment affirmed. Birdsong, P. J., Andrews, Johnson, Blackburn and Smith, JJ., concur. McMurray, P. J., Pope, P. J., and Ruffin, J., dissent.*

Pope, Presiding Judge, dissenting.

I respectfully dissent. First, contrary to the majority's conclusion, I think the Clantons did preserve the arguments raised for review by this Court. Though they did not specifically except to the court's recitation of OCGA § 51-1-5, the Clantons repeatedly argued that the jury should be instructed that Jimmy Clanton was incapable of contributory negligence. Both at the charge conference and again when asked for exceptions to the charge, the Clantons argued that the jury should have been charged that a child under six was conclusively presumed incapable of contributory negligence.

Furthermore, although I am mindful of our Supreme Court's decision in *Ashbaugh v. Trotter*, 237 Ga. 46 (226 SE2d 736) (1976), *Ashbaugh* must be narrowly construed. The determination from *Ashbaugh* that a plaintiff age six years and three months may be capable of contributory negligence should not be extended to a child who is five years and ten and one-half months old, as Jimmy Clanton was at the time of the accident here. In this case, the court should have concluded as a matter of law that Jimmy Clanton was too young to be contributorily negligent.

This conclusion is supported by those cases which were not explicitly overruled by *Ashbaugh*. See, e.g., *Christian v. Smith*, 78 Ga. App. 603 (51 SE2d 857) (1949) (child under six years of age not chargeable with negligence). In *Crawford v. Southern R. Co.*, 106 Ga. 870 (2) (33 SE 826) (1899), which was not directly overruled by *Ash-*

*baugh*, the Supreme Court stated: "[w]here from the age of the child there can be no doubt as to its want of capacity to avoid danger, the court will decide this question as a matter of law. . . . We think that there can be no doubt as to the soundness of the proposition that a child only four and a half years of age is incapable of being guilty of contributory negligence." Id. at 877-878.

Similarly here, there can be no doubt as to the soundness of the proposition that Jimmy Clanton, who was less than six years old, was incapable of being guilty of contributory negligence. Although the recognition that children naturally mature and develop their faculties and capacities at different speeds and ages is sound, it is also true that there is an age under which children are not deemed capable of contributing to their own injuries. The majority recognizes this principle, stating that "[i]t is doubtless that at some early stages of infancy the issue of negligence will be a matter of law for the court." Nonetheless, the majority concludes that a jury should resolve the question when the injured party is a child five years and ten and one-half months old. Unlike the majority, I conclude that a child younger than six years old is too young for the jury to resolve this issue. In other words, a child under six years old is presumptively incapable of contributory negligence.

Accordingly, the court should have instructed the jury that Jimmy Clanton was presumed to be incapable of contributory negligence. See, e.g., *Commerce Prop. v. Linthicum*, 209 Ga. App. 853 (434 SE2d 769) (1993); *Valdosta Housing Auth. v. Finnessee*, 160 Ga. App. 552 (1) (287 SE2d 569) (1981); *Reed v. Dixon*, 153 Ga. App. 604 (1) (266 SE2d 286) (1980). In my opinion, the court's failure to do so was reversible error.

I am authorized to state that Presiding Judge McMurray and Judge Ruffin join in this dissent.

DECIDED DECEMBER 5, 1995 — 

*Weinstock & Scavo, Michael Weinstock, J. Bertram Levy*, for appellants.

*Gorby & Reeves, Michael J. Gorby, Blakely H. Frye, Thompson & Sweeny, E. Victoria Sweeny*, for appellees.