## 51137. TROTTER v. ASHBAUGH.

CLARK, Judge.

Is a child plaintiff of the age of six years chargeable with contributory negligence? This question is presented by the plaintiff who appeals from a pre-trial ruling.

Plaintiff minor was born February 17, 1967. On May 17, 1973, he was riding atop a grass mowing machine attached to a tractor being driven by his stepfather, the defendant. His complaint brought by his natural father as next friend seeks damages for his injuries sustained by defendant's alleged negligence in operating the equipment. Among the defenses is that "All of the

plaintiff's damage and injury was directly and proximately caused by his own act, unmixed with any negligence on the part of the defendant."

The trial judge entered a pre-trial order under the caption of "Contributory Negligence and Six Year Old Children." He wrote as follows: "As a general rule a child is not accountable in tort where the child is under the age of criminal accountability. *Code Ann. § 105-1806.* The age of criminal accountability is thirteen years. *Code Ann. § 26-701.* However, a child under thirteen years of age who is a plaintiff (through next of friend) does not have the advantage of Code Ann. § 105-1806, which is a defensive privilege, but must fall under § *105-204; Brady v. Lewless,* 124 Ga. App. 858, 861 (See *Hatch v. O'Neill,* 231 Ga. 446, 448) which approves $\overline{Brady}$. Thus, a child plaintiff six years old can be guilty of contributory negligence. *Code Ann. § 105-204 provides:* 'Due care in a child of tender years in such care as its capacity, mental and physical, fit it for exercising in the actual circumstances of the occasion and situation under investigation.' " (R. 15).

Accordingly, the trial court ruled that the question of the child's contributory negligence was to be resolved by a jury. Via an immediate review certificate the instant appeal was entered by the plaintiff. *Held:*

The second headnote of *Redtop Cab Co. v. Cochran,* 100 Ga. App. 707 (112 SE2d 229) ruled: "Where a child six years of age is struck by an automobile such child is too young to be capable of contributory negligence."

In an eloquent brief defendant's able advocate urges this court to overrule that holding or at least to limit it to automobiles. Tracing the history of the Code section which serves as the basis for the trial court's decision, he points out this codification was derived from two Supreme Court decisions, both of which are titled *Western & A. R. Co. v. Young,* appearing respectively in 81 Ga. 397 (7 SE 912) and 83 Ga. 512 (10 SE 197). While the age of the plaintiff in those seminal decisions was 9 years, the essence of Chief Justice Bleckley's reasoning was that there was no single standard by which due care in a child could be determined. At page 416 in the first opinion our greatest appellate jurist wrote: "Capacity (which includes personal experience as well as natural gifts) is the main

thing. Age is of no significance except as a mark or sign of capacity."

Research by the erudite defense advocate presents citations from twenty-two different jurisdictions which hold it to be a jury question as to whether a child of six or less can by guilty of negligence. Additionally, he points out that Restatement of Torts, 2d, § 283A, p. 15, disapproves the minority rule based on an arbitrary age standard. There the treatise states: "The prevailing view is that in tort cases no such arbitrary limits can be fixed. Undoubtedly there is a minimum age, probably somewhere in the vicinity of four years, below which negligence can never be found; but with the great variation in the capacities of children and the situations which may arise, it cannot be fixed definitely for all cases."

Similarly, in 65A CJS 177, Negligence, § 145, the text says: ". . . [I]t is generally held that, although age is an important factor to be considered in determining whether a child is capable of exercising ordinary care, it is not the only factor to be considered, and each case must be considered individually on its own facts and circumstances. Hence, whether a child has such capacity is to be determined in each case by considering not only its age, but also all other factors bearing on its capacity, such as its intelligence, judgment, experience, and discretion, as well as, it has been held, such factors as its previous training, maturity, alertness, and the nature of the danger encountered."

In fairness to appellee, we have undertaken to state his position. Nevertheless, the three judges who constitute this Division are unable to follow his request to overrule the express holding of *Redtop Cab Co. v. Cochran,* 100 Ga. App. 707, supra. Individually, each of us has consistently adhered to the doctrine of stare decisis. The writer's personal views were set forth at length in *Eschen v. Roney,* 127 Ga. App. 719, commencing at p. 724 (194 SE2d 589, 591). At that time my two present colleagues serving on different panels concurred in those views which need not be here reiterated. As a client once expressed it in layman's language: "I prefer that my lawyer know what the law is and not for him to tell what

he thinks the law should rightly be."

Additionally, this writer acknowledges the wisdom of these expressions by Justice Andrew J. Cobb (1857-1926): "A judge is a lawyer, but a lawyer in captivity. He is daily conscious of the bounds of his prison. He may have the inclination of the lawyer to take broad and expanding views, but he is shackled by precedent, and his expressions must be toned to fit the conception of the judicial office." 162 Ga. 847.

Accordingly, on the basis of adherence to controlling precedent, that being *Redtop Cab Co. v. Cochran,* 100 Ga. App. 707, supra, we hold that a child plaintiff of the age of six years and three months is too young to be capable of contributory negligence.

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 4, 1975 — DECIDED JANUARY 7, 1976 — REHEARING DENIED JANUARY 27, 1976 — ▪▪▪▪▪▪▪

*Coggin, Haddon, Stuckey & Thompson, Fletcher Thompson,* for appellant.

*Savell, Williams, Cox & Angel, Edward L. Savell, Ben L. Weinberg, Jr.,* for appellee.