51928, 52069. CROSBY v. YAWN; and vice versa.

BELL, Chief Judge.

This is a personal injury suit in which plaintiff was bitten by defendant's dog. The jury returned a verdict for defendant. Plaintiff appeals and defendant cross appeals. *Held:*

1. In the main appeal and in the cross appeal the parties enumerate error as to the denial of their respective motions for directed verdicts. The evidence as to the viciousness or dangerous character of the dog, defendant's knowledge of this propensity, and whether plaintiff provoked his injury was in conflict. Thus, there are jury questions as to material issues of fact. It was not error to deny these motions.

2. The plaintiff was a two-year-old child. The trial court charged the jury that plaintiff could not recover if the person injured could have "by the exercise of ordinary care avoided the consequences of the offending party's negligence"; and that plaintiff was charged with exercising under the law due care which was defined by

the judge as "Due or ordinary care in a child of two years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances and situation under investigation." The judge also instructed the jury that there was no presumption of law that the plaintiff did or did not exercise due care, or that plaintiff did or did not have sufficient capacity to know the danger and to observe due care for his own protection; and that this issue of capacity to know of the danger and to observe due care was solely for the jury to determine. These instructions are erroneous. Where by reason of age there can be no doubt as to want of capacity to avoid danger, the court will decide the question as a matter of law. *Crawford v. Southern R. Co.*, 106 Ga. 870 (2) (33 SE 826). In the *Crawford* case a child four and one-half years old was held to be incapable as a matter of law to be chargeable with the failure to exercise due care for his own safety. See also *Riggs v. Watson*, 77 Ga. App. 62 (10) (47 SE2d 900) and *Trotter v. Ashbaugh*, 137 Ga. App. 378 (224 SE2d 42). Clearly the same rule must be applied to a child of two years.

*Judgment reversed as to the main appeal; cross appeal dismissed. Clark and Stolz, JJ., concur.*

SUBMITTED MARCH 8, 1976 — DECIDED MAY 17, 1976.

*Hurt & Pfeiffer, James W. Hurt,* for appellant.
*G. Mallon Faircloth,* for appellee.