## 60492. TROTTER v. ASHBAUGH.

McMurray, Presiding Judge.

This case involves another appeal in this personal injury action. See in this connection *Ashbaugh v. Trotter,* 237 Ga. 46 (226 SE2d 736), reversing *Trotter v. Ashbaugh,* 137 Ga. App. 378 (224 SE2d 42) s.c. 139 Ga. App. 690 (229 SE2d 507), and affirming the judgment of the trial court in its pretrial order that "a child plaintiff six years old can be guilty of contributory negligence." See Code § 105-204 (Due care in child).

The Supreme Court in the above review of the decision of the Court of Appeals criticized *Red Top Cab Co. v. Cochran,* 100 Ga. App. 707 (112 SE2d 229), holding it was not controlling precedent in *Ashbaugh v. Trotter,* 237 Ga. 46, supra, as to whether or not a 6- year-old child is capable of contributory negligence in that the plain language of Code § 105-204 should have been applied.

The case sub judice involves "an infant plaintiff age 6 years and 3 months." However, it is noted here that the Supreme Court did not consider its earlier decision of *Crawford v. Sou. R. Co.,* 106 Ga. 870 (2), 877-878 (33 SE 826), wherein it held that as a matter of law "a child only four and a half years old is incapable of being guilty of contributory negligence," the court deciding same "as [a] matter of law." Consequently, a child "age 6 years and 3 months" requires determination as to its capacity, mental and physical, for exercising due care "in the actual circumstances of the occasion and situation under investigation" (the incident in question). See Code § 105-204. As the age of the child in the *Red Top Cab Co. v. Cochran* case was only 6 years, it possibly could be construed that a child under 6 years of age should be considered incapable of contributory negligence as a matter of law. See *Riggs v. Watson,* 77 Ga. App. 62, 63 (10), 68-70 (47 SE2d 900) (involving a child under six years of age), quoting approvingly from 107 ALR 107 and 2 Blashfield, Vol. 2, § 1521 (1951 Ed., Vol. 2A, Ch. 39 ¶ 1521, Cy., Automobile Law & Practice), in which both works stated it is almost universally agreed that a child of tender years of 6 or less "does not have sufficient intelligence to be chargeable with negligence so as to defeat recovery for injuries caused by a collision with an automobile." See also *Crawford v. Sou. R. Co.,* 106 Ga. 870, supra (involving a four-and-one-half-year-old child); *Jones v. Jones,* 119 Ga. App. 788 (1) (168 SE2d 883) (involving a two-year-old child); *Christian v. Smith,* 78 Ga. App. 603, 606 (51 SE2d 857) (a child under six years of age). These cases were not overruled, considered or discussed in *Ashbaugh v. Trotter,* 237 Ga. 46, supra.

On May 17, 1973, the right foot of Jeffrey Adam Trotter, the minor child, age 6 years, 3 months, of Joyce Wallace Trotter

Ashbaugh, wife of John Ashbaugh, and son of Charles Cecil Trotter, her divorced husband, was severed in the use of a grass mowing machine known as a bush hog, attached to a tractor that was being operated by John Ashbaugh. John Ashbaugh is the stepfather of the minor child, Jeffrey Adam Trotter. The mother, Joyce Wallace Trotter Ashbaugh, failed to institute any action in behalf of her son with reference to the incident in which her husband, John Ashbaugh, was operating a tractor with "bush hog" attached which severed the right foot of her minor child.

On January 15, 1974, Charles Cecil Trotter, as next friend of Jeffrey Adam Trotter, brought this action in tort against the defendant John Ashbaugh, alleging negligence in the operation of the bush hog in such a manner that it cut off the right foot of Jeffrey, seeking damages for pain and suffering and other personal injury in the amount of $250,000. The defendant answered, denying the claim, admitting only jurisdiction and the facts set out above with reference to the incident, alleging also a defense of "pure accident" and plaintiff's injury was "directly and proximately caused by his own act unmixed with any negligence on the part of the defendant."

After discovery, a motion for summary judgment was filed on August 21, 1979, based upon the recent cases of *Maddox v. Queen,* 150 Ga. App. 408 (257 SE2d 918) and *Jones v. Swett,* 244 Ga. 715 (261 SE2d 610), that it would be against the public policy of Georgia for this action to be maintained. Hence, defendant contends there is no genuine issue of material fact involved and he is entitled to summary judgment in his favor. On April 10, 1980, after consideration of the pleadings, affidavits and depositions on file, the motion was granted. Plaintiff appeals. *Held:*

1. Where a person assumes the relation of a parent to a child not of kin, whom he is under no obligation to support, and faithfully discharges the duties of that relation by receiving such child into his family and educating and supporting him as if he had been his own child, even though there is no express agreement to pay wages to the child, an action cannot be maintained against said person pursuing the duties of a foster parent as to services rendered by the child while a minor where there is no express agreement to pay wages. *Howard v. Randolph,* 134 Ga. 691 (1, 2), 692-694 (68 SE 586).

Numerous other cases also uphold the preservation of family tranquility as being paramount and prevent an unemancipated child from suing a parent or person standing in loco parentis. See *Chastain v. Chastain,* 50 Ga. App. 241 (177 SE 828); *Bulloch v. Bulloch,* 45 Ga. App. 1 (163 SE 708); *Wright v. Wright,* 85 Ga. App. 721 (2), 724 (70 SE2d 152); *Eschen v. Roney,* 127 Ga. App. 719, 720-721 (194 SE2d 589); *Harrell v. Gardner,* 115 Ga. App. 171, 174-175 (154 SE2d 265);

*Horton v. Brown,* 117 Ga. App. 47 (159 SE2d 489).

2. Upon remarriage, if a mother with minor children from a previous marriage shares their custody and control with their stepfather, the stepfather is in loco parentis to the children even though they have not been adopted by him. See *Lee v. Green,* 217 Ga. 860 (2) (126 SE2d 417). The term loco parentis means a person that has assumed the status and obligation of a parent without formal adoption.

3. The recent decision of *Maddox v. Queen,* 150 Ga. App. 408, 410-411, supra, is somewhat similar to the facts of the case sub judice. It holds that an injured child, living in the home of her grandfather who is in loco parentis to the granddaughter, the head of the household, having provided a home for his wife, his daughter and his grandchild, cannot bring suit for damages against the grandfather whose lawnmower, being operated by the grandchild's mother, injured the grandchild. The decision in *Maddox v. Queen* was based upon the fact that the natural father had deserted his wife and child who were living with the grandparent as the head of the household acting in loco parentis as to the child. Hence, it would be against public policy to allow the unemancipated child to sue him. However, the opinion is concurred in by only two judges. Another concurred specially, two other judges concurring in the judgment only, and three judges dissented, with one judge not participating. It is not controlling authority as to this case.

4. Another decision involving interspousal and interfamily doctrine of immunity which bars tort action between family members, that is, relates to legitimate state interests in promoting the preservation of the family unit for the good of society in general, is *Jones v. Swett,* 244 Ga. 715, 718, supra. That case, however, involves the wrongful death statute in which the defendant shot and killed his wife, the natural mother of the plaintiffs who brought an action against their stepfather. In that case the Supreme Court affirmed the sustaining of a motion to dismiss plaintiffs' complaint against him for failing to state a claim in a 5 to 2 decision. This case would be controlling but it differs on its facts from the case sub judice.

The defendant herein contends that the above two cases, based upon the facts of the case sub judice, require this court to affirm the judgment of the trial court in granting summary judgment in his favor by reason of the public policy of this state which prohibits this action from being maintained.

5. Upon examination of the evidence submitted in opposition to the motion for summary judgment the facts of the case sub judice are in conflict and in nowise the same as the facts of the two cases cited above. First, a genuine issue of material fact has been created by

evidence as to whether the natural father or the stepfather can be said to be head of the household with regard to this minor child. An issue is thus created as to whether or not the stepfather is in loco parentis to this minor child.

The natural father has deposed that he has never surrendered his parental rights, that he continues to provide support for the child, that he exercises his visitation privileges and rights of custody and considers himself to be head of the household wherein his minor child is concerned, albeit the stepfather claims that he is the head of the household with regard to the minor child and stands in loco parentis to that child at the time that he inflicted the injuries upon the minor child. As the facts here are controverted with reference to the father's possible waiver of parental rights which he contends he has not done and whether the defendant in any way stands in loco parentis to the stepson so as to bring into play the above split decisions, the trial court erred in granting summary judgment on the basis that the public policy of this state with reference to interspousal and interfamily doctrine of immunity barred this tort action. A jury issue remains for determination before it can be said that the action is barred by public policy.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED SEPTEMBER 4, 1980 — DECIDED OCTOBER 16, 1980.

*Fletcher Thompson,* for appellant.
*Edward L. Savell,* for appellee.