## 61240. COLEMAN v. COLEMAN et al.

BANKE, Judge.

The 11-year-old minor plaintiff was injured in an automobile collision while a passenger in a vehicle operated by his father. The suit, filed by the minor's mother as next friend, alleges that his injuries were jointly caused by the negligence of the father and the driver of the other vehicle. The trial court granted summary judgment to the minor's father based on the doctrine of parental immunity. On appeal this ruling is challenged based on the fact that the plaintiff's parents were divorced at the time of the accident. The divorce court granted custody of the plaintiff to his mother with visitation rights awarded to the defendant father. *Held:*

We have long held as a matter of public policy that an unemancipated minor may not sue a parent for injury arising from a negligent act. *Bulloch v. Bulloch,* 45 Ga. App. 1 (163 SE 708) (1931); *Chastain v. Chastain,* 50 Ga. App. 241 (177 SE 828) (1934). The general principle was recently reaffirmed in *Maddox v. Queen,* 150 Ga. App. 408 (257 SE2d 918) (1979). The appellant assails the

doctrine of parental immunity as outmoded and based upon antediluvian concepts. He also argues that because of the custody award, the minor is emancipated as to the defendant father. We cannot agree. Although primary custody for the minor was placed with the mother, the father provides support in the amount of $250 per month. Thus, although the basic family situation has been altered, the father-son relationship continues, as does defendant's responsibility to provide for his son. There is accordingly a continued need for respect and the authority to discipline. Furthermore, the possibility of "friendly" or "collusive" actions (see Hall, J., concurring; *Eschen v. Roney,* 127 Ga. App. 719, 726 (194 SE2d 589) (1972)) is no less real in this situation than in the traditional family situation.

For these reasons, we conclude, as did the trial court, that the plaintiff is an unemancipated minor as to his father, therefore suit was barred as to him. The grant of summary judgment was accordingly proper.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 16, 1981.

*Will Ed Smith,* for appellant.
*George C. Grant, Duross Fitzpatrick,* for appellees.