## 71858. BROWN et al. v. PHILLIPS et al.
(342 SE2d 786)

SOGNIER, Judge.

Joyce and Edward Brown brought this personal injury action as individuals and as next friends of their minor son, Ray Kevin Brown (Kevin), against Mary Lynn Kimsey, an employee of the Union County Department of Family and Children Services (DFCS), and Pat and Suzie Phillips, Kevin's foster parents. The trial court directed a verdict in favor of all defendants. The Browns appeal.

The Juvenile Court of Union County found three of appellants' children, including Kevin, to be deprived and placed temporary custody of the children with the Georgia Department of Human Resources (DHR), acting through DFCS. DFCS placed Kevin in appellees Phillips' home and appellee Kimsey acted as Kevin's caseworker during his stay with the Phillips. Kevin was injured while he was in the care of the Phillips purportedly during two incidents involving one of the Phillips' children. In their complaint, appellants alleged negligence on the part of all appellees in allowing these incidents and the resulting injuries to occur. The trial court held that the Phillips were immune from liability in this action for alleged negligence on the basis of their position as persons standing in loco parentis toward Kevin, and that Kimsey was immune from liability on the basis of sovereign immunity.

1. Appellants contend the trial court erred when it directed a verdict in favor of the Phillips on the ground that they were acting in loco parentis toward Kevin. Where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed. OCGA § 9-11-50 (a); *Congleton v. Starlite Skate Center*, 175 Ga. App. 438, 441 (333 SE2d 677) (1985). The record reveals that appellants' custodial rights in Kevin were severed by the juvenile court, and although DFCS retained legal custody of Kevin, it was the Phillips' responsibility, in their role as foster parents selected and approved by DFCS, to discharge the duties of the parental relationship by receiving Kevin into their home and caring for him as if he had been their own child. See *Trotter v. Ashbaugh*, 156 Ga. App. 130, 131 (1) (274 SE2d 127) (1980). Although the Phillips were not the source of Kevin's financial support, it is uncontroverted that the duty to provide such support had evolved on DFCS which then channelled the support to Kevin through the Phillips.

"We have long held as a matter of public policy that an unemancipated minor may not sue a parent for injury arising from a negligent act. [Cits.]" *Coleman v. Coleman*, 157 Ga. App. 533 (278 SE2d 114) (1981). "Numerous other cases also uphold the preservation of family tranquility as being paramount and prevent an unemancipated child

from suing a parent or person standing in loco parentis. [Cits.]" *Trotter*, supra at 131 (1). "To allow [appellants] to sue under the facts of this case would violate the public policy of this state." *Maddox v. Queen*, 150 Ga. App. 408, 410 (257 SE2d 918) (1979). Under the circumstances in this case, the trial court properly held that the Phillips were standing in loco parentis toward Kevin while he was in their care. See *Coleman*, supra; *Trotter*, supra; *Maddox*, supra; OCGA § 49-5-3 (11). We note that here, as in *Maddox*, supra, there is no evidence of any wilful or malicious action on the part of the parties acting in loco parentis. Thus, the trial court did not err by directing a verdict in favor of the Phillips as to appellants' claims on behalf of Kevin. See *Congleton*, supra. We find no merit to appellants' argument that the Phillips' immunity is not a defense to appellants' individual claims because it is uncontroverted that those claims were made solely on Kevin's behalf.

2. Appellants have cited no authority and have presented no argument in support of their contention that the trial court erred by granting appellee Kimsey's motion for directed verdict, and therefore, we deem this enumeration abandoned under Rule 15 (c) (2) of the Rules of the Court of Appeals. *Walkley v. Dukes*, 175 Ga. App. 820, 821 (1) (334 SE2d 868) (1985).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MARCH 18, 1986.

*William I. Sykes, Jr.*, for appellants.

*Michael J. Bowers, Attorney General, H. Perry Michael, First Assistant Attorney General, William C. Joy, Senior Assistant Attorney General, David C. Will, Assistant Attorney General, Patricia Downing, Staff Assistant Attorney General, John A. Dickerson*, for appellees.