## A89A0030. SEGARS v. SOUTHERN GUARANTY INSURANCE COMPANY OF GEORGIA.

(384 SE2d 426)

BANKE, Presiding Judge.

Beverly Atkinson Segars and her minor daughter, Viranice, were killed when an automobile being driven by Mrs. Segars collided with a tree. Mrs. Segars had liability coverage under a motor vehicle accident insurance policy issued by the appellee herein, Southern Guaranty Insurance Company of Georgia. However, the policy contained a "Liability Coverage Exclusion Endorsement" which provided as follows: "Liability Coverage . . . We do not provide Liability Coverage for any person for bodily injury to you or any family member." The term "family member" was defined in the policy as "a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child."

The appellant, Larry Segars, was the father of Viranice Segars and the former husband of Beverly Atkinson Segars. The couple had been divorced approximately eight months prior to the accident, with Mrs. Segars receiving custody of their two minor children, including Viranice. There is no question that Viranice was a resident of her mother's household at the time of the accident. The appellant sought liability benefits from Southern Guaranty based on allegations that his daughter's death had resulted from the negligence of the mother. Southern Guaranty then brought the present declaratory judgment action against both him and the administrator of Mrs. Segars' estate, seeking a ruling that no liability coverage existed under the circumstances. The appellant, in turn, filed a counterclaim against Southern Guaranty for attorney fees, as well as a cross-claim for damages against the administrator of Mrs. Segars' estate. The present appeal is from the trial court's grant of summary judgment to Southern Guaranty. *Held*:

1. The appellee contends that since any right of action the appellant may have against the estate of his former wife to recover for the death of their daughter is derivative of whatever right the daughter would have had to sue her mother to recover for her injuries had she lived (see generally *Trust Co. Bank v. Thornton*, 186 Ga. App. 706 (368 SE2d 158) (1988); *Williams v. Ray*, 146 Ga. App. 333 (1) (246 SE2d 387) (1978)), the appellant's claim is barred by the common-law doctrine of intrafamily tort immunity. See generally *Coleman v. Coleman*, 157 Ga. App. 533 (278 SE2d 114) (1981); *Eschen v. Roney*, 127 Ga. App. 719 (194 SE2d 589) (1972). However, intrafamily tort immunity is "no longer [ ] considered a blanket legal disability" in this state. See *GEICO v. Dickey*, 255 Ga. 661, 662 (340 SE2d 595) (1986). See also *Harris v. Harris*, 252 Ga. 387 (313 SE2d 88) (1984).

"The traditional policy reasons favoring the retention of the com-

mon law immunity rule include preservation of [familial] harmony and protection against the possibility of collusive or friendly lawsuits. . . ." *Trust Co. Bank v. Thornton*, supra, 186 Ga. App. at 707, citing *Robeson v. Intl. Indem. Co.*, 248 Ga. 306 (3) (282 SE2d 896) (1981). See also *Harris v. Harris*, supra, 252 Ga. at 388. Since any relationship between the appellant and Mrs. Segars has ended by virtue of their divorce and Mrs. Segars' death, there obviously remains no marital harmony to be preserved. Similarly, the deaths of Mrs. Segars and her daughter have ended any legitimate concern for the preservation of familial harmony between the two of them. With respect to the possibility of collusion, the Supreme Court has recently concluded that this is not a valid rationale for applying the interspousal immunity doctrine (OCGA § 19-3-8) to wrongful-death actions and has accordingly held that the application of that doctrine to wrongful-death actions is unconstitutional, reasoning as follows: "Although there may be some possibility of collusion between the defendant spouse and the wrongful death claimant if liability insurance is available, we believe that the possibility of collusion is not realistically greater than in any suit where insurance is involved. . . . Moreover, the potentiality for fraud exists in any litigation and should not be a valid basis for denying a right of action to legitimate claimants." *Jones v. Jones*, 259 Ga. 49, 50 (376 SE2d 674) (1989). Because this analysis applies equally to the present factual setting, we conclude that the common-law doctrine of intrafamily tort immunity does not operate as a bar to the cross-claim by the appellant against the estate of his former wife seeking to recover for the alleged wrongful-death of their daughter.

2. Family exclusion clauses are not per se against public policy; rather, a case-by-case determination must be made as to whether the exclusion unfairly penalizes innocent victims or unfairly exposes the insured to liability. *Southern Guaranty Ins. Co. v. Preferred Risk Mut. Ins. Co.*, 257 Ga. 355 (359 SE2d 665) (1987). Where the exclusion "dovetails" with the absence of liability, it will be enforced. *GEICO v. Dickey*, supra, 255 Ga. at 661. Since we have held in the present case that the family exclusion clause appearing in Mrs. Segars' policy does not "dovetail" with an immunity from liability under state law, we conclude that the clause contravenes public policy and is unenforceable. Accordingly, we hold that the trial court erred in granting the appellee's motion for summary judgment.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 30, 1989 —
REHEARING DENIED JULY 13, 1989 —

*Davis, Brofman, Zipperman & Kirschenbaum, E. Marcus Davis, Lawrence J. Pond*, for appellant.
*Elizabeth A. Obenshain*, for appellee.