A89A2275. BENNETT et al. v. BENNETT et al.
(390 SE2d 276)

BIRDSONG, Judge.

Appellants, Steven Rodney Bennett b/n/f Susan Marie Bennett and Susan Marie Bennett (hereinafter Susan Ham) individually, appeal the order of the superior court granting appellees' motion for summary judgment.

On July 8, 1985, Steven Rodney Bennett (hereafter Rodney), a minor child, was injured seriously, while visiting for a few days at the home of his grandparents, Frances and Hugh Bennett, when a riding lawn mower was started by another child and driven over him.

On October 6, 1986, Rodney's mother, appellant Susan Ham, commenced suit grounded in negligence on behalf of Rodney, and in her individual capacity, against Frances and Hugh Bennett.

The Bennetts assert Susan Ham left Rodney with them permanently on December 24, 1986, and that they have acted in the capacity of his parents since that date. Susan Ham, by deposition, testified that Rodney had been living with his grandparents since about two

months previous. Thus, Rodney, by her admission, would have been living with his grandparents since about March 8, 1987, as the deposition was taken on May 8, 1987. Susan Ham consistently denied intending to give Frances and Hugh Bennett permanent custody and control of her son. The evidence is uncontroverted that, except when Rodney visited his mother who was then living in Tennessee, Frances and Hugh Bennett provided him with the necessities of life, food, clothing and shelter; they enrolled him in school, and provided any necessary parental discipline from the date Rodney was placed voluntarily in their home by Susan Ham. Susan Ham presented evidence that Frances and Hugh Bennett had not paid any of Rodney's medical bills resulting from the accident, and that she had bought him clothing. Rodney still resides with his grandparents.

On December 5, 1988, guardianship papers were issued by the probate court to Frances Bennett who since that time has acted as Rodney's guardian. Susan Ham asserts that guardianship was obtained by fraud, and moved the superior court to set aside the guardianship, and to appoint a guardian ad litem for Rodney before ruling on the motion for summary judgment.

On January 24, 1989, appellees filed a motion for summary judgment. The superior court granted the motion concluding that "[d]efendant's have stood in loco [parentis] to the [m]inor-[p]laintiff . . . from 1986 until date and therefore . . . [m]otion for [s]ummary [j]udgment is granted; said action being barred by the family immunity doctrine."

Under the doctrine of family immunity, the preservation of family tranquility being paramount, an unemancipated child is prevented from suing a parent "or person standing in loco parentis" for injuries resulting from simple negligence. *Trotter v. Ashbaugh*, 156 Ga. App. 130 (1) (274 SE2d 127); *Clabough v. Rachwal*, 176 Ga. App. 212, 213 (335 SE2d 648).

"When 'duty and control is lost or alienated to a third person by any . . . means recognized by law, then such third person stands in loco parentis to the child.' [cit.], and parental power 'remains in the third person until the child reaches majority[,]' [cit.], unless of course the third party loses or forfeits the right to custody or becomes unfit for retaining custody." *In re M. A. F.*, 254 Ga. 748, 751 (1) (334 SE2d 668). Parental power may be lost in various ways. See, e.g., OCGA § 19-7-1 (b). As stated by Presiding Judge Deen in his special concurring opinion in *Clabough*, "[i]n the instant case, the defendant grandmother, as the appointed legal guardian of the plaintiff unemancipated grandchild, was clearly in *loco parentis*. This action was in negligence. Accordingly . . . public policy prohibits this cause of action." *Clabough*, supra at 217.

It is not the status of the "relationship" at the time the action

accrues, rather it is the status of the parties' relationship at the filing of suit *and thereafter* which is controlling. *Arnold v. Arnold*, 189 Ga. App. 101, 103 (375 SE2d 225), aff'd 259 Ga. 150 (377 SE2d 856). Thus, if appellees stood in loco parentis relationship with appellant Rodney *before* the trial court entered its order granting summary judgment, that would suffice to invoke the family immunity doctrine. *Arnold*, supra at 104. In the case sub judice, appellee Frances Bennett was appointed guardian of the person and property of the unemancipated minor child, Rodney, *before* the trial court entered its order.

Appellants have attempted to collaterally attack the guardianship appointment of the probate court in this proceeding. Probate courts have authority, unless otherwise provided by law, to exercise exclusive, and general jurisdiction of the appointment and removal of guardians of minors, and of all controversies as to the right of guardianship except under OCGA § 19-7-4. See OCGA § 15-9-30. "Judgments rendered in the exercise of this jurisdiction can not be collaterally attacked." *Beavers v. Williams*, 194 Ga. 875, 878 (23 SE2d 171). Accordingly, we find that the superior court did not err in declining to address the motion to set aside guardianship.

The cases of *Trotter*, supra, and *Maddox v. Queen*, 150 Ga. App. 408 (257 SE2d 918) are distinguishable from the facts of this case; rather we find *Clabough*, supra, to be controlling. For the two separate reasons hereinafter discussed, Frances and Hugh Bennett clearly were in loco parentis to their unemancipated grandchild, and accordingly public policy prohibits this cause of action. First, from December 24, 1986, until present, the grandparents have stood in loco parentis to the child Rodney. The grandparents having met all the requirements of loco parentis, compare *Eaves v. Fears*, 131 Ga. 820 (2) (64 SE 269), before the trial court entered its order for summary judgment, the court properly invoked the doctrine of family immunity. *Arnold*, supra. Secondly, the appointment of the grandmother as guardian of the child Rodney on December 5, 1988, after the mother on August 30, 1989, had relinquished in writing and before a notary "all claim, right of custody and parental control in my child" and had further expressly consented "to the appointment . . . of Frances M. Bennett as guardian of my child," independently caused a status of in loco parentis to be vested upon the grandmother. *Clabough*, supra at 217. This relationship having commenced before the trial court entered its order for summary judgment, the court properly invoked the doctrine of family immunity. *Arnold*, supra.

Moreover, we find no merit to any argument that the grandparents' immunity is not a defense to appellant Ham's individual claims, as there has been no showing that such claims are other than derivative in nature, and dependent upon the viability of the minor child Rodney's cause of action before the statute of limitation expires as to

appellant Ham. See *Brown v. Phillips*, 178 Ga. App. 316 (342 SE2d 786).

Appellants' other assertions are equally without merit; and, appellants are deemed to have abandoned any potential appellate claims or enumerations of error not supported in their brief by citation of authority or argument. Court of Appeals Rule 15 (c).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 9, 1990.

*Carr & Kessler, James C. Carr, Jr.,* for appellants.
*Beck, Owen & Murray, Samuel A. Murray,* for appellees.

