## A91A0175. McCOMBS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

(406 SE2d 549)

BEASLEY, Judge.

Plaintiff-insured McCombs appeals the trial court's grant of summary judgment to defendant insurer, State Farm Mutual Automobile Insurance Company, in this suit to recover additional no-fault medical payment benefits for injuries McCombs sustained in an automobile collision.

At the time of the collision, McCombs was the named insured under four separate State Farm policies, each covering a different vehicle and one of which specifically covered the car involved in the collision. Each policy provided $25,000 in personal injury protection (PIP) coverage and $5,000 in medical payments coverage. McCombs claimed $55,975.79 in medical expenses. Under the policy insuring the involved vehicle, State Farm paid McCombs the full $30,000 ($25,000 PIP and $5,000 medical). It refused to stack the medical payment coverage under McCombs' other three policies to pay an additional $15,000 ($5,000 per policy) in medical benefits. The issue is whether or not the trial court correctly determined that McCombs was not entitled to stack the medical payment coverage in the separate policies.

"Georgia law allows an insured to 'stack' medical payment coverages provided by his own separate policies to the extent of the insured's medical expense. See *State Farm &c. Ins. Co. v. Johnson*, 126 Ga. App. 45 (190 SE2d 113) (1972) and *Provau v. State Farm &c. Ins. Co.*, 772 F2d 817, 820-821 (11th Cir. 1985)." *Lofton v. State Farm &c. Ins. Co.*, 192 Ga. App. 154 (384 SE2d 245) (1989). However, the policy language itself can bar the stacking of such coverage. Id. " ' "An insurance company may fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and exclude others." ' *Georgia Farm Bureau Mut. Ins. Co. v. Musgrove*, 153 Ga. App. 690, 692 (266 SE2d 228) [1980]." *Wilson v. Cotton States Mut. Ins. Co.*, 183 Ga. App. 353, 354 (1) (358 SE2d 874) (1987) (overruled on issues concerning *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986), in *Vogtle v. Coleman*, 259 Ga. 115, 119 (376 SE2d 861) (1989)).

McCombs contends that certain policy language regarding non-duplication of benefits does not extend to his situation so as to bar his claim. He is correct that the cited provisions do not bar stacking McCombs' medical coverage payments. The non-duplication provisions address other concerns. They prohibit a person for whom medical expenses are payable under the policy from recovering more than once for the same medical expense under the policy or similar vehicle insurance and make exception when the insured is driving an owned

and covered vehicle.

However, the policy contains another critical provision regarding the payment of medical expenses: "Limit of Liability — Coverage C. 1. The amount of coverage for medical expenses, including funeral services, is shown on the declarations page under 'Limit of Liability — Coverage C — Each Person'. This is the most we will pay for any one *person* under all medical payments coverage issued by us and applicable to the accident. If the amount shown is $2,500 or more, the most we pay for funeral services is $2,500 per *person*."

Appellant argues that such language in conjunction with the non-duplication provisions at most render the policy ambiguous on the question of permitting stacking but that the correct interpretation of the policy is that stacking is only disallowed where the exceptions to the non-duplication coverage are met.

The two parts of the policy do not create the suggested ambiguity. The limitation of liability clause at issue, in the context of the entire policy, clearly and unambiguously prohibits the stacking of medical coverage payments under separate policies issued by the insurer. See *Auto-Owners Ins. Co. v. Barnes*, 188 Ga. App. 439, 441 (1) (373 SE2d 217) (1988) and *St. Paul Fire &c. Ins. Co. v. Cohen-Walker, Inc.*, 171 Ga. App. 542, 544 (320 SE2d 385) (1984), regarding clear and unambiguous language in an insurance contract.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 11, 1991.

*Sell & Melton, John A. Draughon*, for appellant.
*Martin, Snow, Grant & Napier, Walter E. King III*, for appellee.