A94A1780. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. SHOOK et al.
(449 SE2d 658)

JOHNSON, Judge.

Brandi Shook filed a complaint against Cynthia Griffith for injuries allegedly sustained in a car accident. Griffith is a minor living

with her mother, Iris Janow, and her stepfather, Kenneth Janow. Georgia Farm Bureau Mutual ("GFBM") filed a declaratory action against Shook, Griffith and the Janows for a determination of whether Griffith could aggregate or "stack" the three automobile insurance policies issued to her family so as to maximize the amount of coverage for the accident. GFBM moved for summary judgment. The trial court denied GFBM's motion and granted final judgment to Griffith. GFBM appeals.

GFBM contends the trial court erred in denying its motion for summary judgment and in granting final judgment for Griffith because the policies at issue do not allow stacking. We agree and reverse. In general, Georgia law allows an insured to stack the limits of liability coverage provided by separate policies to the extent of the insured's expense. *Lofton v. State Farm &c. Ins. Co.*, 192 Ga. App. 154 (384 SE2d 245) (1989). However, the policy language itself may bar the stacking of such coverage. *McCombs v. State Farm &c. Ins. Co.*, 200 Ga. App. 28 (406 SE2d 549) (1991). We believe the policy language in the instant case does just that. GFBM issued to the family three separate automobile insurance policies, all of which were in effect at the time of the accident. One listed a Toyota, which was the car involved in the accident, as the covered auto and Iris Janow as the named insured. A second policy listed an Audi as the covered auto and Kenneth Janow as the named insured. A third listed a Ford as the covered auto and Kenneth Janow as the named insured. Each policy provided maximum liability coverage of $25,000 for bodily injuries sustained by any one person in any one car accident. Each policy provided coverage for the insured or family members using "any auto." Although GFBM concedes Griffith is an insured under the Toyota policy, the parties disagree as to whether the remaining two policies cover the accident and if so, whether those policies can be stacked. Because of the language contained in each of the policies on the issue of stacking, we need not reach the question of whether Griffith's accident is covered by the other policies. Each of the policies contains the following provision: "TWO OR MORE AUTO POLICIES — If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy." Therefore, even assuming all three policies apply to the accident, GFBM's liability is limited to $25,000. An insurance company may fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and exclude others. *McCombs*, supra; *Lofton*, supra. Shook argues that GFBM's failure to point out this particular contractual provision in moving for summary judgment resulted in a waiver of such an argument on appeal. It is true this court cannot consider evidence not

presented to the trial court, *Paul v. Joseph*, 212 Ga. App. 122, 125 (2) (441 SE2d 762) (1994), or arguments raised for the first time on appeal. *Gram Corp. v. Wilkinson*, 210 Ga. App. 680, 682-683 (4) (437 SE2d 341) (1993). However, we are not being asked to do either here. Instead, we are being requested to consider a contractual provision which was part of the record below relating to an argument, the propriety of stacking, raised in the trial court. We add that GFBM's appeal is from the trial court's denial of its motion for summary judgment and what was effectively the trial court's grant of summary judgment to Griffith. On appeals from the grant of summary judgment, it is this court's function to examine the record de novo and determine whether the allegations of the pleadings have been pierced so that no genuine issue of material fact remains. See *Dixie Diners Atlanta v. Gwinnett Fed. Bank*, 211 Ga. App. 364, 366 (1) (439 SE2d 53) (1993). Our examination of the record necessarily includes an examination of the policies at issue in their entirety. Based on the clear language of the policies disallowing stacking of coverage, the trial court erred in denying GFBM's motion for summary judgment and in granting judgment for Shook, Griffith and the Janows.

*Judgment reversed. Beasley, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 27, 1994.

*Watson & Dana, Dennis D. Watson*, for appellant.

*Little & Adams, Robert B. Adams, John O. Wiggins*, for appellees.