A98A1955. BLAKE et al. v. BLAKE.
(508 SE2d 443)

JOHNSON, Presiding Judge.

This case involves a lawsuit brought by two minor children, through their mother, against their natural father for injuries incurred in an automobile accident on March 4, 1996. The trial court granted summary judgment to the father on the basis of parental or family immunity. The children appeal, and we affirm.

The record reveals that Angela Blake and Roger Blake were divorced in August 1994. Angela Blake was given sole physical and legal custody of the children and Roger Blake was granted visitation rights. Pursuant to the terms of the divorce, Roger Blake was obligated to pay $250 per month per child in child support. Roger Blake was also obligated to maintain medical and dental insurance on the children. There is no evidence in the record that since the divorce, including the time before the automobile accident, the time of the

automobile accident, and continuously to the present, Roger Blake has failed to support his children or failed to maintain a family relationship with his children. Nor is there any evidence in the record that Roger Blake's rights have been terminated or that he has attempted to abandon his children. While evidence was presented that at the time of the accident Roger Blake was not exercising visitation rights, but was merely transporting his children to school, this act can be considered part of his parental duties.

It is well established in Georgia that an unemancipated minor may not sue a parent for injury arising from a negligent act. *Clabough v. Rachwal*, 176 Ga. App. 212, 213 (335 SE2d 648) (1985); *Coleman v. Coleman*, 157 Ga. App. 533 (278 SE2d 114) (1981). Public policy reasons which support the parental or family immunity include: (1) disturbance of domestic tranquility, (2) danger of fraud and collusion, (3) depletion of the family exchequer, (4) the possibility of inheritance, by the parent, of the amount recovered in damages by the child, and (5) interference with parental care, discipline and control. *Clabough*, supra.

Angela Blake's argument that because of the custody award the minor children are emancipated as to their father is without merit. In *Coleman*, supra, we held as follows: "Although primary custody for the minor was placed with the mother, the father provides support in the amount of $250 per month. Thus, although the basic family situation has been altered, the father-son relationship continues, as does defendant's responsibility to provide for his son. There is accordingly a continued need for respect and the authority to discipline. Furthermore, the possibility of 'friendly' or 'collusive' actions [cit.] is no less real in this situation than in the traditional family situation." Id. at 534. Based on the record before us, the present case is on all fours with *Coleman*.

Angela Blake relies heavily on *Segars v. Southern Guaranty Ins. Co. &c.*, 192 Ga. App. 265 (384 SE2d 426) (1989), and contends that this case impliedly overrules *Coleman*. We disagree. While *Segars* states that case-by-case determinations must be made regarding whether family exclusion clauses are against public policy, it did not impliedly overrule *Coleman* or the application of family exclusion clauses in cases presenting the facts found in *Coleman* or the present case.

*Segars* involved a wrongful death cross-claim brought by a divorced father against the estate of his former wife after the minor and her mother were killed when the vehicle driven by the mother struck a tree. Not only did the case involve a different cause of action, but the death of the minor and the mother ended any legitimate concern for the public policy reasons behind the parental or family immunity. In both *Coleman* and the present case, all parties are still

alive, and the public policy reasons behind the parental or family immunity doctrine still apply.

Based on the foregoing, the trial court did not err in granting summary judgment to Roger Blake in this case.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 29, 1998

*J. M. Raffauf,* for appellants.

*Temple, Strickland, Counts & Dinges, William D. Strickland, William A. Dinges,* for appellee.