OPINION
Plaintiff-appellant, Kristen VanCamp, appeals the decision of the Butler County Court of Common Pleas granting summary judgment and a motion to dismiss to defendants-appellees, Stephen E. VanCamp, Indiana Insurance Company ("Indiana Ins."), and State Farm Mutual Automobile Insurance Company ("State Farm"), for an automobile accident that occurred while Stephen was operating the vehicle. We reverse in part and affirm in part the decision of the trial court.
Appellant is Stephen's minor daughter and a resident of Ohio. Stephen is a resident of Georgia. On November 23, 1995, Stephen was exercising his visitation rights with appellant. Appellant was a passenger in Stephen's vehicle en route to his home in Georgia. Stephen lost control of his automobile while driving in Indiana. There was a single vehicle accident and appellant sustained serious injuries.
Appellant and her mother, Kitty VanCamp, filed a lawsuit against Stephen for appellant's injuries. Stephen was insured by a State Farm policy, issued in Georgia, with liability limits of $100,000/$300,000 and uninsured/underinsured ("UIM") motorist limits in the same amount. Appellant was insured under her mother's Indiana Ins. policy, issued in Ohio, with UIM limits in the amount of $100,000/$300,000.
Stephen filed a motion to dismiss on the basis of lack of personal jurisdiction. The trial court granted the motion to dismiss. Both Indiana Ins. and State Farm filed motions for summary judgment. The court granted summary judgment to both Indiana Ins. and State Farm. Appellant appeals the decision of the trial court raising three assignments of error:
Assignment of Error No. 1:
 THE COURT ERRED IN GRANTING SUMMARY JUDGMENT TO INDIANA INSURANCE.
This court reviews a trial court's decision to grant summary judgmentde novo. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440, 445. Granting a motion for summary judgment is appropriate when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. Therefore, we will review the facts presented to determine whether there exists a genuine issue as to Indiana Ins. Co.'s liability for injuries resulting from an automobile accident to one of its insureds.
Indiana Ins. moved for summary judgment on the basis that the substantive law of the state of Indiana governed the action because Indiana was the place of the tortious injury. Indiana's guest statute provides that the negligent operator of a motor vehicle is not liable for loss or damages resulting from injuries to the operator's child. See Ind. Code Ann. 34-30-11-1. Because Indiana has a guest statute, Indiana Ins. argues appellant is not legally entitled to recover for her injuries since Stephen was transporting his own child, without payment, in his motor vehicle, when the injury occurred. Therefore Indiana Ins. claims it is not liable to compensate appellant for the injuries. Furthermore, Indiana Ins. argues Stephen was not an uninsured motorist because he had the State Farm policy with liability coverage equal to appellant's UIM coverage.
Appellant argues she only needs to be able to prove the elements of her claim necessary to recover damages to be "legally entitled to recover damages" from the operator of an uninsured auto under R.C. 3937.18(A)(1). Furthermore, in pertinent part, R.C. 3937.18(A)(1) states,
 * * * the fact that the owner or operator of the uninsured motor vehicle has an immunity, * * * that could be raised as a defense in an action brought against the owner or operator by the insured does not effect the insured person's right to recover under his uninsured motorist coverage. (Emphasis added.)
The legal basis for recovery under the UIM coverage of an insurance policy is in contract and not tort. Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339. In Ohayon v. Safeco Ins. Co. of Ill. (2001),91 Ohio St.3d 474, the Ohio Supreme Court held that when an out-of-state accident involving an Ohio insured with Ohio uninsured/underinsured motorist coverage occurs, Ohio law applies to construe the contract of insurance. Id. at 483.
Recently, in Ross v. Farmers Ins. Group (1998), 82 Ohio St.3d 281, the Ohio Supreme Court held that the enactment of R.C. 3937.18 on October 20, 1994 within Am.Sub.S.B. 20 did not automatically change the obligations of insurance contracts existing on that date. The court emphasized that the statutory law in effect at the time the parties enter into an insurance contract or renew an insurance contract, rather than the statutory law in effect at the time of an accident governs the contract between the parties. See Id.
The Indiana Ins. policy states in "part C Uninsured motorist coverage" that an "uninsured motor vehicle means a land motor vehicle or trailer of any type: * * * 4.) To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company: a.) denies coverage." Applying Ohio law to the UIM provisions of the Indiana Ins. Policy, this court finds that appellant is entitled to UIM coverage under this policy.
Ohio law clearly provides that in determining if a tortfeasor is uninsured, the court must compare the policy limit of the tortfeasor's liability coverage to the policy limit of the insured's UIM coverage.Smock v. Hall (1999), 132 Ohio App.3d 478, 481. Appellant and Stephen have the same policy limits. Yet State Farm's denial of coverage effectively reduces the amount recoverable to zero.
Stephen is an "uninsured motorist" based upon the plain language of the Indiana Ins. policy and under the meaning of that term as interpreted under R.C. 3937.18(D). R.C. 3937.18(D) states that for the purpose of this section a motor vehicle is uninsured if "the liability insurerdenies coverage or is or becomes the subject of insolvency proceedings in any jurisdiction." (Emphasis added.)
Appellant can prove the necessary elements of her claim in order to be legally entitled to recover damages from the operator of an uninsured auto. Stephen was the operator of the vehicle. Appellant was a passenger in Stephen's vehicle. Stephen caused a single car collision which resulted in appellant's injuries. Stephen's liability insurer denied coverage based on Stephen's immunity. An immunity does not affect appellant's right to recover UIM coverage. Appellant has UIM coverage under her mother's Indiana Ins. policy. The Indiana Ins. policy was entered into and negotiated in Ohio. The place of performance is Ohio. Appellant resides in Ohio.
It is not apparent that Indiana Ins. is entitled to judgment as a matter of law. And reasonable minds cannot come to only one conclusion adverse to the party against whom the motion for summary judgment is made. Summary judgment should not have been granted to Indiana Ins. Therefore, the first assignment of error is well-taken.
Assignment of Error No. 2:
 THE COURT ERRED IN GRANTING STATE FARM'S MOTION FOR SUMMARY JUDGMENT.
This court reviews a trial court's decision to grant summary judgmentde novo. Jones, 106 Ohio App.3d at 445. State Farm moved for summary judgment on the basis that the substantive law of the state of Georgia governed the action because it involves a contract claim. State Farm argues that although Stephen is insured, under Georgia's parental immunity doctrine, Stephen is not liable for injuries resulting from an automobile accident which injured his child while being transported without payment. See Blake v. Blake (1998), 235 Ga. App. 38.
The State Farm policy was entered into and negotiated in Georgia. The place of performance is Georgia. Stephen's vehicle is registered and located in Georgia. Stephen resides in Georgia. Applying Georgia law to this case, it is clear that Stephen is immune from liability (under Georgia's parental immunity doctrine) for any injury caused to appellant. The State farm policy states,
 We will pay damages which an insured becomes legally liable to pay because of: (a.) bodily injury to others * * * caused by accident resulting from the ownership, maintenance or use of your [Stephen's] car.
Consequently, appellant is not entitled to liability coverage under this section of the State Farm policy because Stephen is immune or not legally liable to pay damages from the accident. Furthermore, appellant is not entitled to UIM coverage under the State Farm policy. The State Farm policy states, "an uninsured motor vehicle does not include a land motor vehicle: (1) insured under the liability coverage of this policy." Therefore, the second assignment of error is overruled.
Assignment of Error No. 3:
 THE COURT ERRED IN GRANTING THE MOTION OF STEPHEN VANCAMP TO DISMISS.
Whether a trial court has personal jurisdiction over a defendant is a matter of law which appellate courts must review de novo. Wiltberger v.Davis (1996), 110 Ohio App.3d 46, 51-52. In deciding if an Ohio court has personal jurisdiction over a nonresident defendant, we must determine (1) whether Ohio's long-arm statute, R.C. 2307.382, and the applicable Rule of Civil Procedure, Civ.R. 4.3(A), confer personal jurisdiction and, if so, (2) whether granting jurisdiction under the statute and rule would deprive the nonresident defendant of the right to due process of law under the Fourteenth Amendment to the United States Constitution.U.S. Sprint Communications Co., L.P. v. Mr. K's Foods, Inc. (1994),68 Ohio St.3d 181, 183-184.
R.C. 2307.382(A)(6) and Civ.R. 4.3(A)(6) authorize a court to exercise personal jurisdiction over a nonresident defendant and to provide service of process to effectuate that jurisdiction if the cause of action arises from the defendant's "[c]ausing tortious injury in this state * * *." R.C. 2307.382(A)(6); Civ.R. 4.3(A)(9); see Clark v. Connor (1998),82 Ohio St.3d 309, 311-312. (Emphasis added.) The auto accident happened in Indiana. Clearly, Stephen's conduct falls outside the purview of R.C. 2307.382(A)(3).
Since the injury occurred in Indiana, we must look to the second part of the personal jurisdiction analysis. An Ohio court may assert personal jurisdiction over a nonresident defendant if the nonresident has certain minimum contacts with Ohio so that the case does not offend traditional due process concerns of fair play and substantial justice. InternationalShoe Co. v. Washington (1945), 326 U.S. 310, 66 S.Ct. 154; Clark,82 Ohio St.3d at 313-314. The constitutional touchstone is whether the nonresident defendant purposely established contacts in Ohio so that the defendant should reasonably anticipate being haled into court there.Burger King Corp. v. Rudzewicz (1985), 471 U.S. 462, 474,105 S.Ct. 2174, 2183.
Jurisdiction is proper if the contacts proximately result from actions by the defendant himself that create a substantial connection with Ohio.Id., 471 U.S. at 474-475, 105 S.Ct. at 2183-2184; Corporate Partners,L.P. v. Natl. Westminster Bank, PLC (1998), 126 Ohio App.3d 516, 522. Any standard that requires a determination of reasonableness like the minimum-contacts test is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite affiliating circumstances are present. Kulko v. CaliforniaSuperior Court (1978), 436 U.S. 84, 92, 98 S.Ct. 1690, 1996.
Stephen argues in his motion to dismiss that the auto accident at issue occurred in Indiana. Stephen was at all times pertinent to this action a resident of the State of Georgia; therefore, he is a nonresident of Ohio. Furthermore, Stephen argues R.C. 2307.382 provides no basis upon which jurisdiction could be obtained against him.
Looking at R.C. 2307.382(A)(4), appellant failed to make a prima facia showing that any injury occurred based on a persistent course of conduct relating to Ohio. Appellant's references to minimum contacts based on Stephen's exercise of court-ordered visitation have no bearing on the auto accident in Indiana. The accident was not a result of regular business or a persistent course of conduct deriving substantial revenue from goods used or consumed or services rendered in Ohio. Therefore the minimum contacts test fails. Ohio does not have personal jurisdiction over Stephen. Therefore the third assignment of error is overruled.
Judgment affirmed in part and reversed in part, and remanded to the trial court for further proceedings according to law and consistent with this opinion.
YOUNG, P.J., and VALEN, J., concur.