A05A0508. JOHNSON et al. v. GEORGIA FARM BUREAU
MUTUAL INSURANCE COMPANY.
A05A0509. GEORGIA FARM BUREAU MUTUAL INSURANCE
COMPANY v. JOHNSON.
(616 SE2d 459)

MILLER, Judge.

These appeals arise out of a complaint for declaratory judgment filed by Georgia Farm Bureau Mutual Insurance Company (GFB) to determine its duty to defend against claims made by John Johnson,

the father of two children injured in an automobile accident where their mother, the driver, was killed. Both Johnson and GFB moved for summary judgment below. The trial court granted and denied both motions in part. We affirm in both cases.

On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553, 553-554 (562 SE2d 731) (2002).

So viewed, the evidence showed that on November 11, 2001, Sharon Gay died in an automobile accident, and her two children, passengers in the vehicle, were injured. Mrs. Gay's ex-husband and the father of the two children, John Johnson, demanded a settlement from GFB for the injuries sustained by the children, arguing that GFB was obligated to provide coverage to Greg Gay, Mrs. Gay's widower and the executor of her estate. Johnson also filed a cross-claim for $300,000 against Greg Gay, as executor of Mrs. Gay's estate, alleging that Mrs. Gay's negligent failure to stop at a stop sign caused the accident that injured the children.

GFB filed a complaint for declaratory judgment to determine its liability under the automobile insurance policies issued to both Sharon Gay and Greg Gay[1] with liability limits of $100,000 per person and $300,000 per accident, and uninsured motorist coverage limits of $25,000 per person and $50,000 per accident. Both Johnson and GFB moved for summary judgment.

In both cases, the parties appeal from the partial grant and partial denial of their respective motions for summary judgment. In Case No. A05A0508, Johnson appeals from the trial court's ruling that liability coverage is limited to $25,000 for his claim as parent and guardian of the children, and that a policy provision prohibits the stacking of liability coverage. In Case No. A05A0509, GFB appeals from the trial court's ruling that an exclusion in the insurance policies does not limit liability coverage for the claim brought by Johnson, individually, for medical expenses and loss of services due to the children's personal injuries.

## Case No. A05A0508

1. Johnson contends that the trial court erred in concluding that his claim as parent and guardian of the children is limited to $25,000

---

[1] Both insureds were covered under each policy.

in liability coverage pursuant to Exclusion A. 10. b. in Mrs. Gay's automobile insurance policy. The exclusion provides that:

> A. We do not provide Liability Coverage for any person: . . .
> 10. For "bodily injury" or "property damage" to you or any "family member";
>
> a. If intra-familial tort immunity applies; or
>
> b. to the extent the limits of liability of this coverage exceed the limits of liability required by law if intra-familial tort immunity does not apply.

This policy exclusion applies to limit coverage for claims for bodily injury sustained by a family member of the insured *if* intrafamily tort immunity does not apply. The trial court was correct in concluding that this common law doctrine does not apply in this case. Following the death of Mrs. Gay, there is no longer any need to preserve familial harmony between the children and their mother or between Mrs. Gay and her ex-husband, Johnson. See *Segars v. Southern Guaranty Ins. Co. of Ga.*, 192 Ga. App. 265, 265-266 (1) (384 SE2d 426) (1989) (stating purpose of the common law immunity rule as the preservation of familial harmony). Since Johnson's claim as parent and guardian of the children for their pain and suffering is not barred by intrafamily tort immunity, the exclusion mandates that liability cannot exceed the extent of liability required by law, or $25,000. See OCGA § 33-7-11 (a) (1) (A) (Georgia requires a minimum of $25,000 in liability coverage).

> When the language of an insurance policy defining the extent of the insurer's liability is unambiguous and capable of but one reasonable construction, the courts must expound the contract as made by the parties. Courts have no more right by strained construction to make an insurance policy more beneficial by extending the coverage contracted for than they would have to increase the amount of coverage.

(Citation omitted.) *Cotton States Mut. Ins. Co. v. Coleman*, 242 Ga. App. 531, 533 (530 SE2d 229) (2000). Johnson is therefore bound by the policy exclusion. The trial court did not err in granting summary judgment to GFB on this ground.

2. Johnson argues that the trial court erred in concluding that the "Two Or More Auto Policies" provision prohibits the stacking of Mrs. Gay's policy with that of Mr. Gay. Both policies provided that:

If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy. The Two Or More Auto Policies provision does not apply to Uninsured Motorists Coverage. However, no one will be entitled to receive duplicate payments for the same elements of loss.

"In general, Georgia law allows an insured to stack the limits of liability coverage provided by separate policies to the extent of the insured's expense. However, the policy language itself may bar the stacking of such coverage." (Citations omitted.) *Ga. Farm &c. Ins. Co. v. Shook*, 215 Ga. App. 66, 67 (449 SE2d 658) (1994). Moreover, an insurance company can fix the terms of its policies as it wishes, provided they are not contrary to law. Id. The policy provision at issue here prohibits stacking to prevent duplicate payments for the same element of loss. Since each policy provides coverage for the same accident, Johnson is prohibited from seeking payment under both policies, and can only recover the highest applicable limit under one of them. See id. The trial court did not err in granting summary judgment to GFB on this ground.

*Case No. A05A0509*

3. GFB argues that the trial court erred in concluding that the family exclusion discussed in Division 1 does not limit liability coverage to Johnson on his individual claim for recovery of medical expenses and loss of services due to the children's injuries. Johnson was the insured's ex-husband and not a family member, and therefore this claim is not derivative of the children's own claims for their own personal injuries. Since he brought this claim on his own behalf for his own losses, the family exclusion does not apply here. Compare *Segars*, supra, 192 Ga. App. at 265-266 (1). Thus the trial court did not err in granting summary judgment to Johnson on this ground.

*Judgments affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 20, 2005 —
RECONSIDERATION DENIED JUNE 14, 2005 —

*Long & Denton, Vann K. Parrott, O. Wayne Ellerbee*, for appellants.

*Young, Thagard, Hoffman & Smith, John H. Smith, Jr.,* for appellee.